Rumsey, J.
The point is strongly urged upon me that, having denied the motion for a nonsuit, at the trial, upon the authority of another judge at the cir *29 cuit, I should continue to follow that decision, and deny this motion without further examination. I should be glad if this were so. But, as the object of allowing motions for new trials to be made upon the minutes, is to afford a cheap and speedy review of rulings at the circuit, that they may be corrected, if wrong, I feel compelled to examine this question upon its merits.
The defendant, Mary L. Quam, is the wife of the defendant, Charles Quam. She uttered a slander against plaintiff. The plaintiff sues for damages, and joins the husband as a defendant. The husband moves for a nonsuit, upon the ground that he is not a proper party defendant in an action for his wife’s separate torts. The precise question presented is whether, under section 450, Code of Civil Procedure, the husband can be joined as defendant with Ms wife, in an action for her separate personal tort.
Until the Code of Civil Procedure took effect, the husband must be joined as a defendant with her in an action for the mere personal tort of his wife, so long as the relation of husband and wife continued. An inquiry into the reason of this rule may throw light upon the question we are examining. The necessity of such joinder was not because he was liable. Mr. Bishop, in his learned work, on The Law of Married Women, in speaking of this subject, uses the following language : “ It is not true, speaking accurately and scientifically, that the husband is liable for the torts of his wife. For example, if she commits a tort, and then dies before suit brought, he cannot be sued for it, and is in no way responsible. On the other hand, if he dies, she may then be sued alone, the same as though she had been discovert when the tort was committed. If, during their joint lives, an action is brought against the two, and he dies, pending suit, the action survives against the wife. The liability,' therefore, of the hus *30 band, for the wife’s torts, grows merely out of the fact that, by the rules of the common law, a suit cannot be maintained against a wife alone during coverture ; and if the two could not be sued together, the party suffering the injury would bel without remedy” (2 Bishop on Mar. Women, § 254).
The cases cited by Mr. Bishop fully sustain him in writing as he has, and the same rule and reason are laid down elsewhere (Cooley on Torts, 115; Capel v. Powell, 17 C. B. N. S. 743). In the last case the court held that one who had obtained a divorce was not thereafter a proper party defendant in an action for the tort of the wife committed during coverture. Brize, Ch. J., says: “ It is clear to demonstration, therefore, that there is no cause of action against the husband. He is not liable for the wrong. He is joined only by reason of the universal rule that the wife, during coverture, cannot be either a sole plaintiff, or a sole defendant” (p. 748). And see Kowing v. Manly, 49 N. Y. 192, 201.
The Code of Procedure (§ 114) changed the rule to some extent; and the married women’s acts of 1860-1862 changed it still more ; and it is noticeable that this chage was made by permitting her to sue and be sued alone—the courts thus conceding that, when the necessity of joining her husband as a party ceased, there was no longer any question of his liability. But, so far as the joinder of the husband, as defendant, was concerned, these statutes applied only to actions relating to her separate property, and did not affect actions for her personal torts.
Having ascertained the reason of the rule that husband and wife must be joined, in such an action, let us see what the Code of Civil Procedure says about it. Section 450, as originally enacted, reads: “ In an action .... a married woman appears, prosecutes, or defends alone .... as if she was single.” *31 That section eliminated the element of coverture from all actions. It put the wife, in all respects, as regards actions, on the footing of a single woman, precisely as it says it does. It took away the formal requirement of the joinder of the husband, in any action. The reason of the rule which^made him a defendant was thus taken away. And so, I think, logically, the rule itself ceased to exist. It will be noticed that the section appears in that part of the Code which prescribes who shall be parties to actions, and, as originally enacted, it applied to every action, and excepted none. I am quite clear that the original section forbade the joinder of the husband in any case where he would not have been a proper party, if there had been no marriage. It was so held by Judge Dwight, upon the construction of that section, without reference to the amendment, at the Steuben circuit, in Havens y. Gregg, where he ordered a nonsuit, as to the husband, in an action for the wife’s slander, upon the ground that, under section 450, he was no longer a proper party, (see also 2 Bishop on Mar. Women, §§ 266, 267). The intention of that section was, as Mr. Throop says, to sweep away all distinctions between a feme sole and a feme covert in respect of being sued, and this court has held, in the first department, that the language used was comprehensive enough to do it (Janinski v. Heidelberg, 21 Hun, 439).
But it is urged that, by the amendment of 1879 (L. 1879, c. 542, p. 617), the legislature have restored the old rule; and when they enacted that “it was not necessary or proper to join her husband with her as a party, in an action affecting her separate property,” they, by necessary implication, declared that it was necessary to join him in every other action. I do not think so. The question is, what was the intention of the legislature % The intention is to be found in the statute itself (Sedgw. on Slat, and Cons. Law, 243, *32 244). The legislature had passed an act which was general in its terms, and applied to all actions, and special proceedings, and, in that act, it laid down' a rule which included all actions to which a married woman was a party. The amendment does not expressly conflict with this rule ; nor does it lay down a different rule for such actions than it laid down, in the original act. It applies to a portion of the actions, which the first sentence also refers to. If the legislature had intended to change, as to other classes of actions, the rule laid down in the first sentence, there was an easy and obvious way to do it. As it has not even referred to them, I think the fair construction of the section is, that it intended the first sentence of the section to apply to all actions, as it does in terms, and for greater caution to specify one class of actions in the second sentence, so that, as to them, there could be no possible misunderstanding of the legislative intent. The statute is clearly intended to apply to all cases; and, therefore, the maxim, expressio unius est exclusio alterius, does not apply (Broom's Legal Maxims, 515, marg.).
The conclusion which I have reached is that since the Code of Civil Procedure, a husband is not a proper party in an action for damages for his wife’s personal tort. I am cited by plaintiff’s counsel to two cases said to have been decided in New York county adversely to this view, but I have been unable to find any report of them, and I can hardly think they are in point on this question, which has been so extensively mooted during the last three years, or they would have been reported. The verdict against Quam must be set aside. But, in the view I have taken of the law, there can be no recovery against him, and no new trial would change the result. Under those circumstances, I think the proper order would be to set aside the verdict as to Quam, and, as to him, to' direct *33 a nonsuit (Hall v. Hall, 81 N. Y. 130-139). As the jury were instructed in this case that plaintiff was entitled to a verdict against both defendants, and the only question presented to them was that of damages, the case is substantially like the one last cited, and 1 shall make the order which was there held proper. But I shall give no costs of this motion.
Ordered that the verdict, as to Quam, be set aside, and a nonsuit ordered as to him, without costs of this motion.