Ingraham, J.
— The complaint in this action alleges that the defendant White, a married woman, made her certain promissory note in writing, whereby she promised to pay to defendant Manifold $515, and charged her separate estate with the payment thereof, and delivered same to said payee in payment of an indebtedness for material furnished for work performed on defendant White’s separate estate; that the defendant White was the owner of certain real estate in the city of ¡New York, particularly described in said complaint, and demands judgment against defendants for the amount of the note; that said real estate be charged with the payment thereof, and that the same is a lien thereon.
Plaintiff at the time of the filing of the complaint in this action, viz., 28th of July, 1881, filed with the clerk of the city and county of ¡New York a notice of the pendency of this action, describing the property mentioned in the complaint.
*157 That the plaintiff is entitled to judgment against the defendant White for the amount of the note is not disputed, but plaintiff also asks for a judgment that the real estate described in the complaint and notice of pendency of action be charged with the payment of the note, and that the same is a lien thereon, and to this judgment the defendant objects.
Chapter 90 of the Laws of 1860, as amended by chapter 172 of the Laws of 1862, was repealed by section 36 of chapter 245 of the Laws of 1880, page 371, and the regulation of actions by and against married woman are regulated by the Code of Civil Procedure.
Section 450 of the Code provides: “ In an action or special proceeding a married woman appears, prosecutes or defends alone or joined with other parties as if she was single,” and section 1206 provides “that a judgment for or against a married woman may be rendered and enforced in a court of record or not of record as if she was single.”
Taking these two sections together, I am of the opinion that it was the intention of the legislature that proceedings to enforce a liability of a married woman shall be the same as if she was unmarried, and that all distinctions between a .feme sole and a feme covert as to the form of the judgment to be entered is abolished.
In Gerald agt. Quam (10 Abb. N. C., 31), in construing section 450, it was held that the effect of the section was to eliminate the element of coverture from all actions, and to put the wife on the footing of a single woman ; and this case was followed by the city court of Brooklyn in Trebing agt. Vetter (12 Abb. N. C., p. 302, note); and although the court has refused to follow those cases in Muser agt. Lewis (50 Supr. Ct., 431), so far as to hold that the Code does relieve the husband from liability for the torts of the wife, it was on the ground that by the common law the husband was liable for the torts of his wife, and as the court of appeals held in Bertles agt. Nenau (92 N. Y., 152, ondeases there cited?), that the rules of the common law remain in full force except to *158 the extent that they are clearly annulled by statute, and that, as no statute has in express terms annulled the husband’s liability, the liability still continues.
The judgment in an action against a married woman, by section 1206 of the Code, is to be rendered and enforced as if she was single. If the defendant White was a single woman, it could not be claimed that plaintiff would be entitled to the judgment asked in the complaint. He would be entitled to a simple money judgment against the defendant, and that is the judgment he is entitled to in this action.
The decision of the general term in this action on the motion to cancel the lis pendens was not on the ground that the plaintiff could maintain the action, but that the court would not try the issue on such a motion (see opinion general term, reported in 48 Superior Court Reports).
Whether or not plaintiff would have been entitled to the judgment asked for before the passage of the Code of Civil Procedure, I am of the opinion that under the Code the only judgment that can be given against a married woman is the judgment that would be given against her if single, and that plaintiff is therefore entitled to a judgment against defendant for the amount of the note and interest with costs, but is not entitled to the remainder of the relief.