NELSON ROWE, Respondent, v. CYRENE SMITH, Appellant.

At common law, the liability of the husband for the trespasses of cattle, damage feasant, belonging to the wife at the time of marriage, and straying from her land did not rest upon the ground of his responsibility for her torts. ANDREWS, J.

Although the statutes of this State in regard to married women have not affected the liability of the husband for the torts of his wife, based as that is upon his presumed dominion and control over her person and acts, the statute of 1860, declaring that any married woman "may sue and be, sued in all matters relating to her separate property, in the same manner as if she were sole," authorizes an action against her alone for damages done by the straying of her cattle from her own premises upon adjoining lands, notwithstanding her husband and children reside with her upon the lands, and both the land and cattle are used for the support of the family.

(Argued March 17; decided March 28, 1871.)

APPEAL by the defendant, a married woman, from the judgment of the late General Term of the Supreme Court in the

sixth judicial district, affirming (Balcom, P. J., dissenting) the judgment of the Cortland County Court, affirming the judgment of a justice of the peace for the plaintiff.

The action was trespass, to recover for the straying of the defendant's horses and cattle from her own upon the plaintiff's ground and doing damage there. The answer, among other things, alleged that the defendant was a married woman, and her husband should have been joined as a party.

It appeared that the plaintiff's land adjoined the defendant's land, and the trespasses were committed during the summer of 1867. The other facts are sufficiently stated in the opinion.

*Hoyt & Smith*, for the appellant, cited *Marsh* v. *Potter* (30 Barb., 506); *Matthews* v. *Fiestel* (2 E. D. Smith, 90), *Horton* v. *Payne* (27 How., 374); *Wagner* v. *Bell* (19 Barb., 321); *Klein* v. *Hentz* (2 Duer, 633); *Beach* v. *Ranney* (2 Hill, 309); *Starkweather* v. *Gaul* (44 Barb., 98); *Board of Excise* v. *Keller* (20 How., 280). They also cited cases with reference to the general rules governing the interpretation of statutes.

*Ballard & Warren*, for the respondent, cited, on the questions noticed in the opinion, *Porter* v. *Mount* (45 Barb., 425); *Peak* v. *Lemon* (1 Lansing, 299); *Gillies* v. *Lent* (2 Abb., N. S., 455); *Barton* v. *Beer* (35 Barb., 81); *Tonawanda R. R.* v. *Munger* (5 Denio); *S. C.* (4 Comst., 349); *Sendner* v. *Sahler* (51 Barb., 322).

Andrews J. The determination of this appeal depends upon the construction to be given to the act of March 20th, 1860, " concerning the rights and liabilities of husband and wife." (Laws of 1860, ch. 90.)

It appears that the defendant after her marriage, acquired title to certain real estate in the county of Cortland, and to certain personal property, including horses and cattle, and that at the time of the commission of the trespasses for which this action was brought, she resided with her husband and

children upon the land, and the personal property was used in connection with the real estate for the support of the family.

It appeared from the evidence that the personal property was acquired by the labor and services of the wife after marriage, but whether before or after 1860, does not expressly appear. It is to be assumed, however, that it was held by her as her sole and separate property under the act referred to, as the defendant claimed title to it upon the trial, and the case was tried upon that assumption.

The injuries for which the action was brought were sustained by the escape of the horses and cattle of the defendant from her premises upon the land of the plaintiff.

At common law the husband would have been solely liable. In the absence of any trust, he acquired by the marriage the right to the use during their joint lives, of the real estate which the wife then owned, or which she might thereafter acquire, and the absolute title to her chattels, and he was entitled to the proceeds of her labor.

The liability of the husband in such case, would not rest upon the ground that he was responsible for the torts of his wife, but upon the fact that he was in the possession of the real estate and the owner of the cattle by which the trespasses were committed, and was bound to control them so that they should not trespass upon the premises of others.

The law in general imposes upon the owner of such animals, this duty as incident to, and as one of the responsibilities attached to the ownership. (*Tonawanda R. R. Co.* v. *Munger*, 5 Den., 255; Hilliard on Torts, vol. 2, p. 82.)

The recent legislation in this State, has wholly changed the common law, in respect to the rights of the husband in the real estate of the wife during coverture, and to personal property acquired by her labor on her sole and separate account.

The husband has no longer any right to the use of the real estate, or to the possession of her personal property thus acquired.

The statute declares that it shall remain her sole and separate property, and shall not be subject to the interference or control of her husband. (Laws, 1860, ch. 90, § 1.) If, therefore, the husband was liable, solely or jointly, with his wife, for the injuries of which the plaintiff complains, the ground of that liability must be found in the general principle that the husband is liable for the torts of the wife. The theory upon which this liability proceeds is, that the marriage subjects the person of the wife to the dominion and control of her husband, so that the commission of a tort by her is, in a degree, at least, the result of his fault or omission.

The recent statutes leave unaffected this liability of the husband for the strictly personal torts of the wife.

But we are of opinion that, by the statute of 1860, she is made solely responsible for the injury in this case. The eighth section of the statute declares that "any married woman may, while married, sue and be sued, in all matters having relation to her sole and separate property, * * * in the same manner as if she were sole."

It is true that the action in this case does not relate to the title or the possession of property owned or claimed by her as her separate estate; but it is, nevertheless, founded upon a violation of the duty imposed upon the owner of domestic animals to keep them from straying upon and injuring the premises of another.

The maxim, *sic utere*, etc., suggests the ground of obligation in such case.

If the defendant should permit a nuisance upon her premises, to the injury of her neighbor, would she not be liable in an action for the injury? The unlawful use permitted by her of her separate estate, in the case supposed, would make the action one relating to her separate estate; and, in this case, the violation of the duty incident to the ownership of the property has, we think, the same result, and brings the action within the intendment of the statute.

A construction, which would exclude it, would be, we think, narrow and inconvenient, separating the ownership of property

from the incidents which properly attend it; and to make the husband liable, when all control of the property has been taken from him, would not accord with the principle upon which his liability for the torts of the wife is founded.

These considerations lead to an affirmance of the judgment.

Ch. J., and GROVER, RAPALLO, and FOLGER, JJ., concur; ALLEN, J., dissents; PECKHAM, J., not voting.

Judgment affirmed.