Church, Ch. J.
 

 The only question presented for our decision is whether the joinder of the husband with the wife is necessary in an action for fraud in a contract for the sale of the real estate of the latter made by the former as the agent of his wife We are of opinion that such joinder is not necessary. The statutes of 1860 and 1862 provide that
 
 “
 
 the wife may sue and
 
 be sued
 
 in all matters
 
 having relation
 
 to her sole and separate property, the same as if she were sole,” and judgment may be enforced against her separate property as if she were sole. (Laws of 1862, p. 344.)
 

 The counsel for the appellant claims that at common law the husband is liable for the torts of the wife, and that this Act has never been changed. This position is correct. The ■statute has not altered the common-law liability of the husband for the mere personal torts of the wife, but when such torts are committed in the management and control of her -separate property, the rule is changed, and she is liable the ■same as if she was unmarried, and can be sued in the same manner.
 

 In this case it is found that by the fraudulent representations of the husband, acting as the agent of the wife in contracting for the sale of her property, $200 was received, which "it is presumed was paid to her. She is responsible for the fraud, and has had the avails of it. The action is clearly for
 
 *579
 
 “matters having relation to her sole and separate property.”
 

 They relate to the management and disposition of her property. The circumstance that the fraud was committed hy her husband, acting as her agent, does not impair her liability. She had a right to employ her husband as agent, and, while acting as such in relation to her separate property, her liability for his acts is precisely the same as it would be for the liability of any other agent. The statute has in a great degree abrogated the respective common-law rights, obligations and duties of husband and wife growing out of the marriage relation, as it respects property which the wife is permitted to own. As to such property, she is to be treated as unmarried. All the rights of an unmarried woman are conferred upon her, and all correlative obligations are imposed.
 

 The statute has declared equality of rights, and equality of obligations and duties, and courts have no alternative but to enforce both. The wife is liable in the same manner and to the same extent for frauds or torts committed in the management of her property, as she is upon contracts relating to it, and just as liable for fraudulent representations upon the sale of it as upon a covenant for quiet enjoyment.
 

 In
 
 Rowe
 
 v.
 
 Smith
 
 (45 N. Y., 230) this court held that the wife was liable for trespass committed hy her hogs and cattle escaping from her lands upon the premises of another, and the same principle is applicable to this case. But the principle here decided does not affect the common-law liability of the husband for the mere personal torts of the wife disconnected from the management of her separate property.
 

 The judgment must be affirmed with costs.
 

 All concur. Folgkr, J., absent.
 

 Judgment affirmed.