There was but slight evidence, if there was in facts any evidence, of actual participation by the appellant in the fraud of her husband, or that she had knowledge of it; and the question of actual fraud by her was not submitted to the jury, but her liability was made to rest upon her relation to the transaction through her husband. It was sought to charge her as responsible for the acts of her husband, upon the doctrine of respondeatsuperior, or by reason of some assent to or authorization of the acts of her husband.
A prima facie case was made against her by proof of the facts that the property transferred to the plaintiff in the exchange was conveyed by her, and that that received as the consideration of the conveyance by her was transferred into her name, with evidence that she was present when the *Page 42 
exchange was consummated, although not present at the time the contract was made. In answer to this, evidence was given tending to prove, and sufficient to require its submission to the jury, that she did not in truth own the mortgage assigned to the plaintiff, and in respect to which the fraud is alleged, but that it was owned by her husband, the formal title only being in her as the trustee of her husband. The judge was requested to charge the jury that if the mortgage belonged to the husband at the time of the trade with the plaintiff, they must find for the present appellant; and the judge so charged with this qualification, which was a part of the charge, that if she was a mere passive instrument in his hands, though, in a moral sense, she might not be guilty of any fraud, yet, if she intended to authorize him to do what he did to carry out his purposes, the law makes her responsible for his acts, and she would be liable in this action equally with the defendant, her husband. There was an exception to this part of the charge, and, also, for the refusal to charge as requested.
A feme covert is liable for fraud committed by her in dealing with her separate property, or by her husband, as her agent, to the same extent as individuals in all respects capable of actingsui juris. (Rowe v. Smith, 45 N.Y., 230; Baum v.Mullen, 47 id., 577.) This liability necessarily results from the capacity conferred upon her to acquire, hold and transfer property, and to deal with her separate estate as if she were unmarried. But the rule prescribed by the judge at the trial, and upon which the verdict may have passed against her, would make the wife responsible for a passive acquiescence in the fraud of the husband in dealing with his own property and for his own purposes. It is not very apparent what was intended by the qualification, "if she intended to authorize him to do what he did to carry out his purposes," if the husband was the owner of the bond and mortgage and dealt with it in his own right, as owner, and not as agent of the appellant, his wife. A wife is not liable for the tort of her husband, in which she does not participate as an *Page 43 
actor, and by which she is not profited or her separate estate benefited by reason of a prior assent, advice or authorization by her. The husband is answerable for the acts of the wife, but the converse of the rule does not hold. The wife is presumed to besub potestate viri, and her acts in the business of the husband are as his servant and agent.
The only act of the wife in the transaction, upon the theory that the bond and mortgage were the property of and transferred by the husband for his own purposes, was the executing a formal assignment, at his request, of the securities. The husband had a right, as owner, to require the transfer, and she had no discretion in the premises, and there was nothing in the evidence to authorize the suggestion that her authority to the husband was necessary, or contributed in the least to the perpetration of the fraud by him.
A feme covert can only be sued for her own actual wrong or trespass, and cannot become a trespasser merely by her previous or subsequent assent during coverture. (1 Ch. Pl., 93; Swithin
v. Vincent, 2 Wils., 227.) For a tort by the wife alone the husband and wife may be sued jointly. (1 Ch., Pl., supra.) InHasbrouck v. Baker (10 J.R., 248) an action was sustained against the husband alone for a penalty incurred by the wife. But an action for a tort done by the husband and wife, jointly, shall be against the husband alone, for the whole shall be intended to be the act of the husband. (Com. Dig., Baron Feme, Y.; 2 Hill on Torts, 504.)
The qualified emancipation of the wife, and the power conferred upon her to acquire property and hold the same as her separate estate, with all the rights and privileges of a feme sole in respect to it, by recent legislation only affect her liability in matters relating to her separate estate and to any business she may, under the statutes, carry on for her own benefit; and as to these matters she is subject to every liability, and is held to the same rules of responsibility as if she were a feme sole,
but in other respects the common-law rule of liability still prevails. (Baum v. Mullen, 47 N.Y., 577; Rowe v. Smith,
45 id., 230.) *Page 44 
It was error to refuse to charge as requested and to instruct the jury that the appellant was responsible for the wrongful acts of her husband in dealing with his own property for his own purposes.
There are other serious questions presented by the record, but as there must be a new trial for the errors referred to, they will not be considered. Upon a second trial they may be presented in a more distinct form and upon other evidence.
The judgment must be reversed, and a new trial granted.
All concur. GROVER, J., concurring in result.
Judgment reversed.