## CHEMUNG COUNTY COURT.

NORTHRUP LANSING, respondent, agt. HAMSON HOLDRIDGE, impleaded, &c., appellant.

*Married women — when husband not liable for the personal torts of his wife.*

The statutes of 1860 and 1862, as to married women, have not altered the common-law liability of the husband for the personal torts of his wife, but when such torts are committed in the management and control of her separate property the rule is changed, and she only is liable.

The wife is liable in the same manner and to the same extent for frauds or torts committed in the management of her property, as she is upon contracts relating to it.

Where the wife of H. owned a house which was insured and was occupied by N. as a tenant; the wife set fire to it in the night and it burned down, and the tenant's furniture was destroyed; H., was temporarily absent from home in a neighboring state and was in no manner connected with her act; suit was brought by N., to recover for his damages against the wife, a daughter that was with her at the time of setting the fire and H. the husband.

*Held,* that H. the husband was not liable. That the plaintiff's damages resulted as a consequence of the tort committed by the wife in the management of her separate estate, and for these damages, she may now be sued alone, and she holds her property, as though " *husbandless* " from which to respond for the damages.

*March,* 1880.

MR. HOLDRIDGE's wife owned a house which was insured and was occupied by Lansing Northrup as a tenant. She set fire to it in the night and it burned down and the tenant's furniture was destroyed, his family barely escaping injury.

Mr. Holdridge was temporarily absent from home in a neighboring state and was in no manner connected with her act. Northrup brought suit in justice's court to recover for his damages against the wife, a daughter that was with her at the time of setting the fire and the husband. Judgment was rendered in favor of Northrup for $200 and costs, and from that judgment the husband alone appealed upon questions of law to the county court.

S. DEXTER, *County Judge.* — At common law, when a tort or a felony of an inferior degree was committed by the wife in the presence of the husband or by his direction, he alone was responsible (1 *Hale's P. C.*, 45 *to* 49 ; 4 *Black. Com.*, 29, *M. ;* 2 *Kent Com.*, 149 ; *Cassin* agt. *Delany*, 38 *N. P.*, 178, 179). The ground of this liability rested upon the presumption that the tort of the wife resulted from the coercion of the husband.

When the tort was committed without the direction or presence of her husband, he was liable *with* her ; but the reason of such liability did not rest on the ground that he, in contemplation of law, was guilty of the tort, but on the grounds following :

First. The wife could not be sued without her husband. They were one person at common law in that regard.

Second. The husband, by virtue of the marital relations, became the owner of his wife's personal estate, and entitled to the possession and rents, issues and profits of her real estate (*Capel* agt. *Powell*, 17 *C. B.* [*N. S.*], 744, *or* 112 *E. C. R.*, 743 ; *Knowing* agt. *Manly et al.*, 49 *N. Y.*, 192).

The husband being thus possessed of his wife's property, the reason of the common-law rule, that he should be liable for her torts, is apparent.

But the reason of the rule as founded upon the last two propositions above stated no longer exists under the laws of our state.

" In an action or special proceeding, a married woman prose-

Lansing agt. Holdridge.

cutes or defends, alone or joined with other parties, as if she was single" (*Sec.* 450, *new Code*).

The husband acquires no interest in her property, by virtue of the marital relation. She owns and possesses and has the control and management of her separate estate, as fully and completely as the husband has of his. In the language of LAMONT, J., in *Peak* agt. *Lemon* (1 *Lans.*, 295, 299), in respect to her separate estate, she is regarded by our law as husbandless.

"When the reason of any particular law ceases, so does the law" (*Broom's Legal Maxims*, 67).

Applying these principles to the facts in this case, what conclusion will be reached ?

The tort of the wife was not committed by the direction of the husband, or in his presence, or with his consent or knowledge. It was her house ; the plaintiff was her tenant. The act was one done to her separate estate in an unlawful endeavor to convert the house into money by perpetrating a fraud upon the insurance company. The plaintiff's damages resulted as a consequence of the tort committed by the wife in the management of her separate estate. For these damages, she may now be sued alone, and she holds her property, as though "husbandless," from which to respond for the damages. In *Brown* agt. *Miller* (47 *N. Y.*, 577), in an action against the wife for fraud in a contract for the sale of her real estate, made by the husband as her agent, the court held the husband was not a necessary party, on the ground that it was a matter " having relation " to her separate estate.

CHURCH, Ch. J., said, in his opinion : " The wife is liable in the same manner and to the same extent for frauds or torts committed in the management of her property, as she is upon contracts relating to it."

After a careful examination of all the authorities cited, and many others, we find no case in conflict with the rule laid down above. We, therefore, conclude, upon authority as well as principle, that the appellant is not liable and the judgment should be reversed.