Sedgwick, Ch. J.
The action was substantially for the conversion of plaintiffs’ personal property. One of the defendants was the appellant’s wife. The proof showed that she was guilty of the actual conversion, and her husband, the appellant did not participate in it. The claim against him was grounded on the proposition that he was liable in damages for his wife’s tort.
The testimony showed that a clerk of the plaintiffs stole from them, through a long time, a great quantity of laces, and from time to time sold them in parcels to the appellant’s wife. The verdict was not taken as to whether she knew that they had been stolen.
In Baum v. Mullen (47 N. Y. 577) the court declared that the statutes in reference to married women had not altered the common law liability of the husband for the personal torts of his wife, but that such rule was changed by the statutes 1860, ch. 90,1862, ch. 172, when such torts are committed ,in the management and control of her separate property. In Rowe v. Smith (45 N. Y. 233), Judge Andrews said, referring to these statutes, that “ they leave unaffected this liability for the strictly personal torts of the wife.”
*337 Both of these cases were directed to the necessity of joining the husband as defendant with the wife in a charge of tort done by her. In the first case the tort was obtaining money by false representations of the agent of the wife, in contracting for the sale of her separate property, she receiving the money. The court said that the statutes of 1860 and 1863 provide that 66 the wife may sue and be sued in all matters having relation to her sole and separate property; and further, that the action was clearly for matters having relation to her sole and separate property.” The matters related u to the management and disposition of her property.”
In the second case the action was for damages to the plaintiff by the escape of the cattle of the defendant from land which was her separate property, and then trespassing upon defendant’s lands. The court said that the action was founded upon the duty of the owner of land to keep domestic animals from straying upon and injuring the premises of others. Such a duty had relation to the property that might be owned solety by a married woman, and that, therefore, under the statutes of 1860 and 1863, she might be sued in the same manner as if she were sole.
Neither of the cited cases will support the present action if the tort done by the appellant’s wife related to her sole and separate property. On the other hand, if the tort did not relate to the wife’s property, the principles stated in the cases made the appellant liable.
If the terms of the statutes are not to be enlarged by construction for the reason that their meaning is clear without it, it would seem to be certain that the title to the goods always remained in the plaintiffs, and that they never became the property of appellant’s wife. Therefore the tort did not relate to the wife4s separate property. If it be supposed that the wife did gain a property of some kind by the transaction, the tort was a separate matter from that which *338 had the appearance of conferring title, and had no essential connection with it, and so the tort was personal to the wife as distinguished from one relating to her property.
A reference to another part of the statutes should be made. Section 3, Laws of 1860, chap. 9, provides that a married woman may carry on any trade or business and perform any labor or services on her sole and separate account.
Coleman v. Burr (93 N. Y. 17), shows that the generality of the clause as to services should be restrained, so that it does not include services done by the wife for her husband and the family.
The ground of the decision was that the objects which were to be attained by the statutes, and the mischiefs which they were intended to remedy, suggested that there should be such restriction, also considering that the common or former law remains, excepting to the extent it io clearly annulled by a subsequent statute (Bertles v. Nunan, 12 Abb. N. C. 283; S. C., less fully, 92 N. Y. 152).
In like manner, it may be said, as to the power of a married woman to carry on any trade or business on her own account, that it was not intended to embrace a personal tort that had no real connection with trading or carrying on a business. In a sense, it is an anomaly, in view of the real independence personally, of a wife, that her husband should be liable for her tort, of which he may know nothing when and where and how it was done. The hardship is not increased by his being liable for a tort, the time of which is within the hour a wife may choose as the time when she says she is transacting her business, and at the place where her business is done, and it has but a circumstantial, but no real connection with buying or acquiring.
Several parts of the statutes indicate that they did *339 not contemplate a sole liability of the wife for a tort incidentally committed by her when she was carrying on a separate business.
The first section of chapter 90, Laws of 1860, provides that the property which any married woman acquires by her business carried on on her separate account shall be her separate property. Section 2 is, the earnings from her trade shall be her separate property. Section 8 provides that no bargain or contract entered into by any married woman in or about the carrying on of any trade or business shall be binding upon her husband, or render him or his property in any way liable therefor. It will be observed that no reference is made to the wife’s tort. In view of these enactments, section 7 states when a married woman may be sued in the same manner as if she were sole. It is not declared that she may be sued in matters having relation to her separate business, but in matters having relation to her sole and separate property. It has been already considered that the tort in question did not relate to her property.
The learned counsel for the appellant presents an argument of weight. It is that if a married woman may acquire separate property by her own action, as if she were sole, it is not intended that there can be legal power of interference by her husband with any steps she may take to acquire that property, and if there be no power of interference, there should be no legal responsibility. This seems to be sufficiently answered" by considering that the sole liability of married women is such only as the legislature has seen fit to make, and that, as we have seen, is confined to matters that relate to what is in fact the married woman’s sole property.
The effect of a more recent statute (section 450, Code Civ. Pro.), remains to be examined, and particularly with reference to the learned opinion in Gerald *340 v. Quam (10 Abb. N. C. 28). The court in that case thought that the last clause of the section : “It is not necessary or proper to join her husband with her as a party in any action or special proceeding affecting her separate property,” did not imply that it was necessary to join him in other cases, because the previous part of the section declared otherwise, and embraced all actions against married women.
But to me it seems that the first part has no regulation for the bringing of actions, or when or as to what a married woman might be sued as if she were single. It only says that when she is sued, whether on a joint or individual claim against her, her husband should not—as by common law he might—appoint an attorney to appear for her and defend, but she appears sui juris and defends as if she were not married. If this be correct it has no bearing upon the implication of the second part of the section.
I am of opinion, therefore, that the appellant was responsible to the plaintiffs. If he were liable, there is no question in the case as to his being made defendant jointly with the wife, against whom an individual liability is claimed. She would be the party to raise that question, and she has not.
One other matter demands attention. ' It appeared by plaintiff’s case that after the receiving of the goods by the appellant’s wife, the plaintiffs had recovered certain of the goods and had also received certain moneys from a Mrs. Miller in payment of a judgment obtained for the conversion by her of the goods involved in this action, the appellant’s wife having sent the goods to Mrs. Miller. The court refused to charge as requested by the appellant’s counsel, that the jury should deduct from the value of the goods converted, the sum paid by Mrs. Miller. This request, I think, should have been granted, under the case of Knapp v. Roche (94 N. Y. 329). It was not matter of de *341 fense, but concerned the plaintiff’s proof as to what damage they had in fact suffered. It is not necessary, however, to order a new trial on this ground. The plaintiff’s proof was that he had received from Mrs. Miller a sum of money, which, with what the court directed should be deducted for other reasons, amounted to a sum which the defendant’s council claimed in Ms requests was the sum to be deducted, viz., §5,200. The requests did not specifically refer to this sum, but they were based upon the evidence as. given by the plaintiffs, and there was no doubt as to this sum being all that was received by plaintiffs. The court instructed the jury to deduct a parcel of this amount, to wit, §2,224.76, but the rest, that is, §2,975.24 should have been deducted. This may now be deducted from the verdict as that ascertained the value of the goods without including interest.
The judgment appealed from should be reversed unless the plaintiff stipulate that from the amount of the verdict §2,975.24 be deducted, and.in case of such stipulation the judgment as so reduced is affirmed, without costs of appeal to either party.
Istg-raham, J., concurred in the result.