Titus, J.
The defendant has been the owner, in fee, of a lot in this city, on which is a two-story brick house and large barn, since 1872. She is the wife of George M. Cole, and lives on the premises with her husband and family of children. He owns a large Newfoundland dog, which has been kept on the premises for two years. Mr. Cole paid the expenses of and supported his family. The plaintiff is a letter carrier, and while delivering mail in the ordinary course of his business, went upon the premises of the defendant and was bitten by the dog. The question before the court is whether the defendant, as owner of the premises, is hable for the damage occasioned by the injury to the plaintiff.
It is well-settled that since the several acts of the legislature enabling married women to take and convey real estate, the same as if single, her separate estate, owned by her, is subject to her control without let or hindrance from her husband. She can lease, mortgage or sell as perfectly and convey as absolute an estate as a single woman, and during her lifetime her husband cannot lawfully interfere with her possession or of the rents and income from it; he is not liable for the trespasses of her sheep, horses and cattle, and she is hable for maintaining a nuisance to the injury of her neighbors; he is not in possession, solely or jointly, with her; her possession is her own and not his, notwithstanding he is the head of the family. Rowe v. Smith, 45 N. Y., 230; Martin v. Rector, 3 East. Rep., chap. 555. Rowe v. Smith was an action of trespass against a married woman, for damage done by horses and cattle of defendant while straying upon the premises of the plaintiff.
She was the owner of real estate which she and her husband occupied together in the usual way of families, and the court held that she was properly sued without joining her husband, and was alone liable for trespasses committed by her cattle, saying “that her liability is founded upon a *721 violation of duty imposed upon the owner of domestic animals to keep them from straying upon and injuring the premises of another.”
In Martin v. Rector, the doctrine of her liability was carried to a greater extent than is necessary to charge the defendant in this case. There the defendant, the husband of the owner of a leasehold estate, was sued in ejectment for non-payment of rent. The facts there reported are very similar to the facts in this case. The wife of the defendant obtained title to the premises from her father, and for many years she and her husband and family had lived on the premises as man and wife ordinarily do, he taking charge of the farm and doing the work. The court submitted the question of occupancy to the jury, and they found in favor of the defendant. Judge Danfortii, in writing the opinion of the court of appeals, uses this language: “ The husband was not the occupant within the meaning of the statute, nor was their possession joint,- the possession was her possession. * * * Before the act of 1849, the husband
juri mariti had a right to the possession of his wife’s lands, and as her head might be presumed to be in occupation. It is now different, the wife as well as the husband may own lands free from the others control, and there can be no such presumption, he may still be the head of the family without being in any legal sense the possessor or actual occupant of the house or land in or upon which the family reside.”
This language is clear and unmistakable the presumption of occupancy follows the ownership of the wife, and unless some circumstance exists to change that presumption it becomes conclusive; she, therefore, being the owner and legal occupant, is subject to the liabilities, burdens and duties incident to such ownership among which is liability for trespass, nuisance and harboring ferocious animals on her premises. Loomis v. Terry, 17 Wend., 496 ; Hinckley v. Emerson, 4 Cow., 351; Kelly v. Tilton, 3 Keyes, 263.
In. the case under consideration it does not fully appear whether the question of occupancy was submitted to the jury or not. As this is a bill of exceptions, and the jury found in favor of the plaintiff, it must be presumed that they passed upon this question favorable to the wife’s occupancy, as the verdict was against her on the whole issue. And as the defendant’s counsel expressly requested the court to direct a verdict, on the ground that the husband of the defendant resided on the premises, it is evident that the refusal of the court to direct a verdict for the defendant was a submission of that question to the jury, and their finding is conclusive. Rector v. Martin (supra).
The defendant being in possession has an absolute right *722 to control and direct what kind of property she will keep on her premises, what animals; otherwise her possession would still be under the control of her husband, and the object of the statute in her behalf would be defeated, and she be no better off than under the common law. Rowe v. Smith, 45 N. Y., 230. In this case the dog had been kept on the . premises presumably with her knowledge and consent for two years. It was his home; she knew it, and permitted him to remain there; knew his ferocious propensities, and is clearly chargeable with harboring him, and consequently hable for the damages he does.
The husband undoubtedly, notwithstanding the acts of our legislature, is the lawful head of the family, and can take his family with him wherever he reasonably may go. He may educate and control his children, and exercise his common-law authority over the domestic affairs of his family as well as over his wife. He may still be hable for the torts of his wife (93 N, Y., 17), but the liability of the wife rests upon another principle, having no reference to the question of their domestic relations as such. She being by law invested with the same property rights as if she was sole, she becomes chargeable with the burdens and duties which that new condition imposes upon her, the same as other persons who own property. I can find no case where the courts have- held that any different rule or duty is applicable to a married woman than to other property owners ; and why should the public and third parties, in treating with a married woman with reference to her separate estate, occupy a different position more or less unfavorable because of her domestic relations? I fail to see any reason for such a rule, and do not believe it exists.
It follows, therefore, that the judgment appealed from should be affirmed, with costs.
Beckwith, J., concurs.