Kennedy, J.
The defendant avers in the third count of her answer, that she is a married woman, and had been for a long time prior to the time of the accruing of the alleged cause of action, that for many years last past she has been living and cohabiting with her husband at the place and on the premises described in the complaint, that he is now living and liable for the claimed penalty and not the defendant. That he, as the husband of the defendant is a necessary party, and should be joined with her as a co-defendant. To this count the plaintiff interposes a demurrer on the ground that it contains new matter, and that it is insufficient in law upon its face to constitute a defense. I think it must be conceded that the answer sets up new matter by way of a defense within the perview of section 494 of the Code, and is therefore, the subject of a demurrer.
The defendant, being a married woman, was in possession of certain real estate situated in the city of Utica, and conducted and carried on a separate business of her own. While doing this, she sold spirituous liquors, wines, etc., to be drank on her premises, in violation of the provisions of the excise law without having a license therefor. That part of the answer attacked by the demurrer set up as a defense that because of the marital relations between them, the husband, living on the same premises with his wife, but having no connection with the act complained of, is hable, and a necessary party defendant with her.
1 The statute, section 14 of chapter 628 of Laws of 1857, provides, that whoever shall sell strong, or spirituous liquors, or wines, or beer, to be drank in his house, shop, or any outhouse, yard, or garden appertaining thereto, or shall suffer or permit any such liquor or wines sold by him or under his authority, to be so drank without having a license, etc., shall forfeit fifty dollars.
The allegation in the complaint is, that the defendant is in the possession of the premises carrying on business therein, and that she sold to divers persons, whose names *202 are unknown, spirituous liquors, etc., to be drank thereon, without having a license, etc.
By the several enabling acts in favor of married women, the husband no longer has any right to the use or control over the real or personal property of the wife, and while he still remains liable for her strictly personal torts, he is not liable for any act of hers connected with the control and management of her real estate, or the business conducted by her thereon. The use by her of her separate real estate for unlawful purposes, makes the act one relating to her separate estate, and for which she alone is liable. Rowe v. Smith, 45 N. Y., 230.
In Porter v. McGrath (41 N. Y. Sup. Ct. Rep., 102), the court say ‘£ a husband and wife domiciled on the separate property of the wife, does not of itself give him any legal control over the premises. ”
The statute has not altered the common law liability of the husband for the mere personal torts of his wife, but when such torts are committed hi the management and control of her separate property, the rule is changed and she is liable the same as though unmarried, and can lie sued in the same manner. Baun v. Mullen, 4Y N. Y., 518; Vanneman v. Powers, 56 id., 42. A married woman may bring an action against her husband to recover possession of real property.
The husband of the defendant is not liable alone or jointly with her in this action. He could not prevent her from selling, or permitting liquor to be drank upon her premises. Over them she had exclusive control, and he is no more connected with her acts in this regard or affected by them than an entire stranger would be, since the act complained of related to her separate estate and business.
If right in this, the third count, while setting up new matter by way of a defense, fails to state facts constituting such defense, and the demurrer is well taken. There is no defect in the complaint, it alleges a cause of action and avers that the names of persons who bought and drank the liquors are unknown. With this averment it is not defective, because the names are not stated.
Judgment is therefore ordered for the plaintiff, sustaining the demurrer, with costs.