JOSIE QUILTY, an Infant, by Guardian, Respondent, *v.* REBECCA B. BATTIE and JOSEPH M. BATTIE, Appellants.

A vicious domestic animal, if permitted to run at large, is a nuisance, and a person who, knowing its vicious character, keeps or harbors it is liable for all damages directly resulting from it.

Under the provisions of the Married Women's Act (Chap. 200, Laws of 1848, as amended by chap. 375, Laws of 1849, and chap. 172, Laws of 1862; Code Civ. Pro. § 450), a married woman has such freedom of control over her own real property that a husband cannot, without her consent and against her will, establish and maintain a nuisance upon it, and if she permits him so to do she is liable for the damages occasioned thereby.

A trespass committed by the wife in the care and management of her separate estate is her independent personal tort for which the husband is not liable, and in an action to recover damages therefor he is not a proper party.

*It seems* that under proper allegations and proof, he who owns and he who harbors a vicious animal may both be made responsible in the same action for a resulting injury.

In an action against a husband and wife to recover damages for injuries occasioned by the bite of a dog, it appeared that the husband was the owner of the dog, but kept it upon premises owned by the wife, upon which they both resided, she paying the expenses of the household; she knew of the vicious propensities of the dog, but permitted it upon the premises, feeding and caring for it. There was no evidence that the husband had other property upon the premises; that he was in possession as her tenant and had the care and management of his wife's property; that he assumed to direct as to the domestic animals to be kept on the place or that he knew of the vicious propensities of the dog, and he was sought to be held liable solely on the ground of his marital liability for the torts of his wife. *Held,* that the wife was properly held liable; but that a judgment against the husband was error.

*Com.* v. *Wood* (97 Mass. 225); *Com.* v. *Carroll* (124 id. 30); *Com.* v. *Pratt* (126 id. 462), distinguished.

Reported below, 61 Hun, 164.

(Argued June 3, 1892; decided October 4, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made September 8, 1891, which affirmed a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Matthew Hale* for appellants. The court erred in holding that the defendant Rebecca B. Battie, being a married woman, living with her husband upon premises which she owned, was liable for an injury caused by the bite of a dog owned by her husband, and kept by him upon her premises. (*Koney* v. *Ward,* 36 How. Pr. 255; *Dickson* v. *McCoy,* 39 N. Y. 400; *Partenheimer* v. *Van Order,* 20 Barb. 479; *Kelly* v. *Tilton,* 2 Abb. Ct. App. Dec. 495; *Buckley* v. *Leonard,* 4 Den. 500; *Rider* v. *White,* 65 N. Y. 54; *Muller* v. *McKessin,* 73 id. 195; *Brice* v. *Bauer,* 108 id. 428; *Smith* v. *G. E. R. Co.,* L. R. [2 C. P.] 4.) The defendant Rebecca B. Battie was not made responsible for the acts of her husband's dog by the fact that she owned the premises on which she and her husband resided, and the dog was kept. (*Glover* v. *Alcott,* 11 Mich. 485; *Commonwealth* v. *Pratt,* 126 Mass. 462; *Commonwealth* v. *Carroll,* 124 id. 30; *Bertles* v. *Nunan,* 92 N. Y. 152; *Fitzgerald* v. *Quann,* 109 id. 441; *Jooss* v. *Fey,* 129 id. 17, 21; *Porter* v. *Dunn,* 43 N. Y. S. R. 193, 194; *In re Kaufman,* 43 id. 282; 2 S. & R. on Neg. [4th ed.] § 626; *Earl* v. *Van Alstine,* 8 Barb. 630; *Scribner* v. *Kelley,* 38 id. 14; *Meredith* v. *Reed,* 26 Ind. 334.) No cause of action under the complaint was proved against the defendant Joseph M. Battie. (*Fitzgerald* v. *Quann,* 109 N. Y. 441.)

*L. H. Northup* and *Job G. Sherman* for appellants. No cause of action was proved against the defendant Mrs. Battie. (*Stelz* v. *Shreck,* 128 N. Y. 263.) The defendant Joseph M. Battie was improperly joined as a defendant, and no cause of action for which he is liable was proved against him. (*Rowe* v. *Smith,* 45 N. Y. 230; *T. R. R. Co.* v. *Munger,* 5 Den. 255; 2 Hilliard on Torts, 82; *Barnum* v. *Mullen,* 47 N. Y. 577; *Fiske* v. *Bailey,* 51 id. 150.)

*C. C. Van Kirk* for respondent. The defendant Rebecca B. Battie is liable because she harbored the dog, knowing its vicious propensities, upon her premises. (*Keenan* v. *G. P. & R. M. Co.,* 27 Wkly. Dig. 433; *Loomis* v. *Terry,* 17 Wend. 497; *Fuller* v. *McKesson,* 73 N. Y. 195; *Brice* v. *Bauer,*

108 id. 428.) One who allows a vicious dog to reside, uncon-
fined, on her premises, knowing it to be vicious, is amenable
for the injury it does. (*McKone* v. *Wood*, 5 C. & P. 1; *Lynch*
v. *McNally*, 73 N. Y. 347; *Brice* v. *Bauer*, 108 id. 428;
*Kelly* v. *Tilton*, 3 Keyes, 263; Whart. on Neg. 715, § 925;
S. & R. on Neg. 227.) She is liable for allowing this vicious
dog to reside on her premises, because thereby she is main-
taining a nuisance upon her premises. (*Filler* v. *McKesson*,
73 N. Y. 199; *Wheeler* v. *Brant*, 23 Barb. 324, 326; *Winzler*
v. *McCotter*, 22 Hun, 61; *Rowe* v. *Smith*, 45 N. Y. 233;
Laws of 1860, chap. 90; *Case* v. *Case*, 49 Hun, 83.) A mar-
ried woman, owning the premises on which she lives, though
her husband lives with her, still is in full possession of the
premises and is the legal occupant, still has the full control of
her premises and may harbor a dog thereon, and still owns
and controls her personal property. (*Potter* v. *McGrath*, 41
N. Y. Supp. 94.)

MAYNARD, J. The plaintiff has recovered against both
defendants, who are husband and wife, for injuries resulting
from the bite of a vicious dog.

The liability of the wife is disputed on the grounds that she
is a married woman; that the dog belonged to her husband,
and that she is not responsible for the trespasses committed by
it. There is no conflict in the evidence upon any material
point affecting her liability. She had been the owner of the
premises where the dog was kept since December, 1887. They
formerly belonged to her husband, and when she acquired
title the dog remained there and was fed and cared for by
her. It was shown to have had vicious propensities to her
knowledge, and on one occasion she interfered to protect it
when a person whom it had attacked attempted to strike it in
self-defense. She bore the expenses of the household, and,
with her husband, constituted the entire family. There is no
proof in the record that he had any property there except the
dog, or that he had the care or management of his wife's
property, or was in possession of it as her tenant, or assumed

to control or direct her with respect to the domestic animals which should be kept upon the place.

As stated in Addison on Torts (D. & B. ed. 230), it is not material in actions of this character whether the defendant is the owner of the dog or not. It is enough for the maintenance of the action that he keeps the dog, and the harboring a dog about one's premises, or allowing it to be or resort there, is a sufficient keeping to support the action. As soon as such an animal is known to be mischievous it is the duty of the person whose premises it frequents to send it away or cause it to be destroyed.

The trial judge charged the jury, in substance, that if the dog was vicious and Mrs. Battie knew it, and, with such knowledge of its viciousness, kept and harbored it upon her premises, she was liable for the injury which plaintiff had sustained.

It is not denied that this instruction was unexceptionable unless the defendant was relieved from liability because of the fact that the dog was the property of her husband, and that he lived with her in the house and upon the premises where it was harbored and kept. A vicious domestic animal, if permitted to run at large, is a nuisance, and a person who knowingly keeps or harbors it, and thus affords it a place of refuge and protection, is liable for the maintenance of a nuisance, and for all the damages directly resulting from it.

The question, therefore, presented by this appeal, when plainly stated, is whether a married woman, under the laws of this state, has not such freedom of control over her own real property that her husband can, without her consent and against her will, establish and maintain a nuisance upon it?

The form in which it here arises most favorable to the appellants is upon their request for an instruction to the jury that the husband is the head of the family and controls what domestic animals shall be admitted to the household or kept about the house, to which the trial judge responded: "I so charge where the husband is the owner of the property, but where the wife is the owner of the property I decline to charge that."

The Married Woman's Act of 1848 (Chap. 200, amended by chap. 375 of 1849) empowered Mrs. Battie to take and hold this real property to her sole and separate use, and to convey and dispose of it and its rents, issues and profits in the same manner and with like effect as if she was unmarried, and declared that it should not be subject to the disposal of her husband or liable for his debts. There does not seem to be much room for doubt as to the scope and object of this legislation. It effectually removes the common-law disability of the wife which deprived her of the possession and control of her property during coverture, and, to that extent, it extinguished the common-law rights and powers of the husband. Because it is in derogation of his common-law privileges it is to be rigidly applied and not extended by implication beyond its strict letter; but it is also a remedial act, and as to its clearly expressed subject-matter it should have a liberal construction. Full and absolute ownership of all property which the wife might have or acquire, with all its incidents, privileges and burdens, was evidently conferred upon her by this statute. In the acquisition and enjoyment of such property she shall be deemed to be an unmarried woman. Marital control of it was completely abrogated; not a trace of it was permitted to remain.

Her husband is thus placed upon the same footing as a stranger, and has no greater authority than a stranger to impose a burden upon her separate estate, or to restrict or embarrass her in the exercise of exclusive dominion over it. Afterwards came the act of 1860 (Ch. 90, amended by ch. 172 of 1862), which materially enlarged her rights and powers, and, among other things, provided that her property should, notwithstanding her marriage, be and remain her sole and separate property, and might be used, collected and invested by her in her own name, and should not be subject to the interference or control of her husband. Nor was she left powerless to enforce these newly acquired rights. Section 3 of the act of 1862, subsequently incorporated into section 450 of the Code, provided that in all matters relating to her separate

property she might sue and be sued, as if she were sole.   She has the same remedies to prevent or restrain her husband from unlawfully interfering with her property, as she has against any other person.   If he keeps upon her premises a ferocious animal, she has the same authority of law to protect herself against this infringement of her property rights as against a like trespass by a neighbor.   In *Minier* v. *Minier* (4 Lans. 421) the General Term of the third department held that the wife could maintain ejectment against her husband, and Judge PARKER, in his opinion, says that it is both logical and reasonable to construe the acts of 1860 and 1862 " as entitling her to bring just such a suit against her husband in relation to her property as she may bring against any other person."   And as to her property, he further says :  " The relation of husband does not affect it; as to it, the parties are strangers to each other."

In *Baum* v. *Mullen* (47 N. Y. 579) Chief Judge CHURCH, in commenting upon the effect of the act of 1862, says that with respect to her own property the wife " is to be treated as unmarried.   All the rights of an unmarried woman are conferred upon her, and all correlative obligations are imposed. The statute has declared equality of rights, and equality of obligations and duties, and courts have no alternative but to enforce both.   The wife is liable in the same manner, and to the same extent for frauds or torts committed in the management of her property, as she is upon contracts relating to it."

In *Rowe* v. *Smith* (45 N. Y. 230) the wife was held liable for damages resulting from the trespasses of her cattle, which had strayed from her premises to the lands of another, upon the ground that the same duty was imposed upon her, with respect to the care of her property, as upon others; and Judge ANDREWS, in his opinion, puts and answers the question which is directly involved in this case.   At page 233 he says, " If the defendant should permit a nuisance upon her premises to the injury of her neighbor, would she not be liable in an action for the injury ?   The unlawful use permitted by her of her separate estate, in the case supposed, would make

the action one relating to her separate estate, and in this case the violation of the duty incident to the ownership of the property has, we think, the same result, and brings the action within the intendment of the statute."

It must be borne in mind that we are not dealing with a case where a domestic animal is a trespasser upon the wife's property, or where the husband may have brought it and maintained it there without her consent. The jury found that she kept and harbored it upon her own premises, and the evidence is sufficient to support the finding. She could at any time have required him to remove it, and could have caused it to be destroyed, if compliance with the request had not been promptly granted.

There was no actual coercion here, and none can be implied. She not only assented to the maintenance of the dog upon her premises, but voluntarily assumed the burden of it.

The provisions of the statutes we have been considering, relate exclusively to the property rights of the parties to the marriage contract. Other marital rights are not affected by them. The husband is still the head of the family; the master of the house. He is entitled to the help and companionship of the wife, the control and discipline of his children and the regulation of the domestic affairs of the household. He may require the family to live with him in such suitable home as he may provide, but if, by the grace of his wife he maintains a home upon her property, he cannot use such property in any way not assented to by her. All such conjugal rights are unimpaired, but the right to keep a vicious animal upon his wife's premises, without her permission, is not one of them, unless there is some rule of the common law which we have not been able to discover, that regards a dog as a necessary part of the equipment of a well-ordered household.

We are referred to three cases in the Supreme Court, of Massachusetts (*Com.* v. *Wood*, 97 Mass. 225; *Com.* v. *Carroll*, 124 id. 30; *Com.* v. *Pratt*, 126 id. 462), but the decision of each was put upon grounds entirely consistent with the views we have here expressed. They hold that the husband may, in

the exercise of his conjugal authority, prohibit the use of the house, which is the home of his family, for immoral or criminal purposes, even when it is upon the premises of his wife, for he may determine who shall visit the house, and it is his duty, for the good of the family, to prevent dissolute and criminal characters from resorting to it, and if he fails in the discharge of this duty and the house becomes disorderly, or it is employed for the purpose of violating the excise laws, he becomes criminally responsible as the keeper of a disorderly house or of a place where intoxicating liquors are sold, contrary to law. In *Com.* v. *Wood* the court says : " How far he may exercise force in restraining her is not precisely settled. But there can be no doubt that he may exercise as much power as may be reasonably necessary to prevent her, as well as other inmates of the house, from making it a brothel."

· It will be seen that the right to control her in the lawful use which she shall make of her property was not involved. It was a question of the extent of the conjugal authority of the husband over the members of his family, of which no legislation has yet attempted to deprive him.

The defendant, Joseph M. Battie, has also appealed from the judgment against him. He has been made liable, not on the ground that he was the owner of the dog, or that he co-operated with his wife in the commission of a wrong, but solely on the ground of his marital liability for the torts of his wife. The principles we have applied for the purpose of sustaining this judgment against her necessarily require his exemption from liability as her husband.

Under proper allegations and proofs, he who owns and he who harbors a vicious animal, may both be made responsible for a resulting injury in the same action. But there is no averment in the complaint that he was the owner of the dog, or knew of its vicious habits. At the commencement of the trial he moved for a dismissal of the complaint, as to him, which motion was improperly denied. This error might perhaps be disregarded or cured by amendment, if the jury had found that he had knowledge of the vicious propensities of the

dog, but that question was not submitted to them, and without a finding to that effect we do not see how his liability has been established.

As the law was in 1889, when this cause of action arose, the husband was required to respond for what were called the personal torts of the wife, but a trespass committed by her in the care and management of her separate estate was not classed among such wrongs, and it has been repeatedly held that in such cases the husband was not a proper party defendant. (*Rowe* v. *Smith*, 45 N. Y. 230; *Baum* v. *Mullen*, 47 id. 577; *Fitzgerald* v. *Quann*, 109 id. 441; *Magnan* v. *Peck*, 111 id. 401.)

The judgment must be affirmed as to the defendant, Rebecca B. Battie, with costs, and reversed as to the defendant, Joseph M. Battie, and the complaint dismissed as to him, with costs in all courts.

All concur.

Judgment accordingly.