CHARLES STRUBING, Appellant, *v.* PATRICK MAHAR, Respondent.

*Dog — liability of the owner of a dog which is set upon a child by his wife — proof that the dog had fought with another dog is incompetent — proof as to his being vicious.*

Under the Domestic Relations Law (Laws of 1896, chap. 272, § 27) a husband is not liable for the wrongful act of his wife in setting upon a child a dog owned by the husband, in the absence of proof that her conduct was the result of his actual coercion or instigation.

In an action by the father of the child against the husband to recover the damages which the former had sustained because of the child's injury, evidence of a fight between the dog in question and another dog, upon the defendant's premises, is inadmissible.

*It seems,* that evidence that a dog attacks a person at the command of its custodian, does not establish that it is vicious.

APPEAL by the plaintiff, Charles Strubing, from a judgment of the County Court of Niagara county in favor of the defendant, entered in the office of the clerk of the county of Niagara on the 16th day of December, 1898, upon the dismissal of the complaint by direction of the court after a trial before the court and a jury, and also from an order entered in said clerk's office on the 30th day of January, 1899, denying the defendant's motion for a new trial made upon the minutes.

*Judson & Richardson*, for the appellant.

*King, Leggett & Brown*, for the respondent.

HARDIN, P. J. :

Plaintiff commenced this action in a Justice's Court in September, 1898. A trial was had in that court before the justice and a jury, and resulted in a verdict in favor of the plaintiff for fifty dollars damages. The defendant appealed to the County Court where a new trial was had.

Plaintiff's complaint states that he is the father of Hedwig Strubing, a daughter, some ten years of age; and the complaint alleges that the defendant, on the 17th of March, 1898, "and for several years prior thereto, harbored and kept a large, ferocious, vicious and dangerous dog, whose disposition was to attack human beings, horses and other animals without provocation, and which dog had, frequently, so attacked human beings, horses and other animals in and about said town of Lockport, N. Y., all of which facts were well known to said defendant."

The complaint further alleges that the dog was kept by the defendant in August, 1898, and that the defendant "wrongfully, negligently and unlawfully suffered and permitted said dog to be and run at large upon the Slayton Settlement Road, a public highway in the said Town of Lockport, Niagara County, N. Y., without being properly guarded or confined; that on said August 17th, 1898, at about ten o'clock in the forenoon of that day, upon the public highway, to wit: The Slayton Settlement Road in said Town of Lockport, Niagara County, N. Y., said dog, while in the keeping of said defendant, attacked this plaintiff's daughter, Hedwig Strubing, without cause or provocation on the part of the plaintiff or his said

daughter, Hedwig Strubing, and bit and seriously wounded her on the calf of the left leg, whereby and by reason whereof her left leg was seriously injured and lamed." The complaint alleges that the plaintiff thereby sustained damages.

In the second count in the complaint it is alleged that the defendant " negligently and carelessly suffered and permitted said dog to be in the custody and under the control of his wife, Ellen Mahar ; that said Ellen Mahar during such time and now is an incompetent and improper person for the custody and care of such animal ; that on and prior to said 17th day of August, 1898, while said defendant was keeping said dog and with full knowledge of its ferocity and disposition to attack human beings, horses and other animals, and well knowing said Ellen Mahar to be an incompetent and improper person for the care and control of such animal, said defendant wrongfully, negligently and unlawfully suffered and permitted said dog to be and run at large in the custody and under the control and direction of said Ellen Mahar, in and about the avenues and approaches to the residence of said defendant, in and about the public highways in said Town of Lockport, Niagara County, N. Y., and in and about the close of his neighbors, and in and about within the enclosed land of the plaintiff herein, without said plaintiff's sanction or consent."

It is further averred that the dog " attacked this plaintiff's daughter, Hedwig Strubing, without cause or provocation on the part of the plaintiff or his daughter, Hedwig Strubing, and bit and seriously wounded her on the calf of her left leg, whereby and by reason whereof her left leg was seriously injured and lamed so that she then was and ever since has been prevented from performing her usual and customary duties in the service of this plaintiff, who then was and ever since has been entitled thereto as her father aforesaid ; that this plaintiff has necessarily incurred, or will necessarily incur, an expense of $25.00 for medical attendance upon his said daughter so bitten as aforesaid."

The answer of the defendant contained a denial of the allegations contained in the complaint, and it also avers that the defendant is not the owner of the dog referred to in the complaint ; and it further avers " that said dog is of a quiet and peaceable disposition and harmless."

To maintain the action the plaintiff called one Hawkes, who testified that he was a resident near the parties to the action and that the defendant is his tenant. The witness said he had observed a dog on the premises of Mahar and that he saw the dog in August or September, 1898. "He appeared to be a bull dog, a good-sized dog, brindle colored; he had some white on him and some gray; some people call him a grayish-white dog; he would weigh perhaps fifty pounds; stand about two feet; perhaps two and one-half feet to the top of his back; a male dog."

In the course of the cross-examination of this witness he said that he had seen the dog playing with Mahar's little girl, "and he seemed to be a good-natured dog enough. * * * She used to play with him down in the lot; * * * she took hold of the dog, rolled him over, pulled his legs; never saw any other children around with the dog, nobody only this girl of Mahar's playing with him. * * * This Mahar girl lives right there in the same house with the dog."

The plaintiff called as a witness one Gilbert Miller, who said that he was acquainted with the dog and that one day, when he was going through Mahar's yard, the dog grabbed him by the leg and that Mrs. Mahar was a little ahead going toward the barn at the time of the first bite; and the witness adds: "I think the girl set on the dog; the dog came up behind me from the house." This witness finally said in the course of his re-examination that he could not remember that he said anything to the defendant about the dog's biting him before this action was commenced.

The plaintiff called Graf as a witness, who testified that he had seen the dog frequently, and he added: "He never tried to bite me, of course."

The plaintiff called as a witness Hedwig Strubing, and she described the circumstances under which the bite occurred, and she says: "I was nearest the Mahars' house, the dog bit me and she sicked him; Mrs. Mahar sicked the dog — I saw Mrs. Mahar there standing in the road; Mrs. Mahar was about as far from me as to that table over there; I heard her say 'sick him;' after Mrs. Mahar said 'sick him' the dog bit me; I was bare foot; when the dog bit me I was running up to my mother; when the dog bit me I fell down on the stone pile; was between my mother and where I was first picking; after that went to the house and then to the doctor's;

after the dog bit me, heard Mrs. Mahar say she would fix us; she went to her house after that."

In the course of the cross-examination the witness said: " Mrs. Mahar was in the road; the dog didn't touch me until she said 'sick him;' she said it very loud; when she said it the dog was about up to me. I had seen that dog before, often. He never bit me before, nor ever tried to bite me; had seen him a good many times before."

Minnie Strubing was called as a witness in behalf of the plaintiff, and she testified to being present on the occasion of the dog's biting her sister, and she says: " Mrs. Mahar came up with the dog in the road and Hedwidge was nearest to her, and she sicked the dog on Hedwidge, and the dog bit her; Hedwidge ran from her and fell down on the stone pile, and Mrs. Mahar said, 'I fix you.' "

The witness adds: " I remember the occasion a couple of days before that when Mrs. Mahar was on our farm; * * * they came after some ducks; Mrs. Mahar sicked the dog onto me; * * * I was a little ways in front; Mrs. Mahar sicked the dog onto me, and the dog came after me and wanted to bite me, and I took the broom handle in my hand and chased him away with the broom; Mrs. Mahar sicked the dog and started to go for me, and her two girls pulled her back; the two girls stood by her and stood and took hold of her and held her back."

Max Strubing was called in behalf of the plaintiff and stated that he was acquainted with the dog for three or four years, and he adds: " I saw Mrs. Mahar coming down the road and she sicked the dog and the dog ran after Hedwidge and he bit her; Mrs. Mahar said 'sick him, Jack.' "

Emma Strubing, a sister, testified that she was present, and added: " Mrs. Mahar sicked the dog on my mother; she called names, 'dirty Dutchman;' she said to the dog 'sick him, Jack,' and Jack tried to bite mother, and she tried to chase him away with a broom stick."

We have given the substance of the evidence bearing upon the vital questions in the case.

At the close of the evidence the defendant moved for a nonsuit on the grounds:

*First.* That the plaintiff has failed to prove a cause of action against the defendant.

*Second.* That there is no proof in the case which would warrant a finding that the defendant knew that the dog in question was a vicious dog.

*Third.* From the uncontradicted proof in the case the alleged injury was caused by the willful and malicious act of the defendant's wife in his absence and without his consent or knowledge.

In response to that motion the plaintiff's counsel insisted "that it was negligence on the part of defendant to leave the dog with his wife whom the evidence showed to be an improper person to have such custody, and that the jury should be permitted to pass upon the question."

The motion for a nonsuit was granted and the plaintiff took an exception.

To entitle the plaintiff to recover he was called upon to show by satisfactory evidence that the defendant had notice of the vicious propensity of the dog. (*Van Leuven v. Lyke,* 1 N. Y. 515.) The latter case was approved in *Dickson* v. *McCoy* (39 id. 403), and it was again approved in *Moynahan* v. *Wheeler* (117 id. 285), and both of the above cases were cited in *Grinnell* v. *Taylor* (85 Hun, 91). The case of *Van Leuven* v. *Lyke* (*supra*) was cited with approval in *Earl* v. *Van Alstine* (8 Barb. 633). The rule was again asserted in *Lawlor* v. *French* (2 App. Div. 141) and again referred to with approval in *O'Connell* v. *Jarvis* (13 id. 4).

The cases which have been quoted are entirely in harmony with *Vrooman* v. *Lawyer* (13 Johns. 339), in which case the court said : "If damage be done by any domestic animal, kept for use or convenience, the owner is not liable to an action on the ground of negligence, without proof that he knew that the animal was accustomed to do mischief. (1 Ld. Raym. 109 ; 2 Ld. Raym. 1583 ; *Buxendin* v. *Sharp,* 2 Salk. 662.)"

If it be assumed that the wife of the defendant knew of the alleged vicious character of the dog, or if it be assumed that the dog caused the injuries to the plaintiff's daughter by reason of the wrongful act of the wife in setting the dog upon the daughter, still no liability of the defendant follows from those features of the case. (*Quilty* v. *Battie,* 135 N. Y. 201 ; The Domestic Relations Law, chap. 272, Laws of 1896.)

In section 27 of that statute (Laws of 1896, p. 221) it is provided,

viz.: " She is liable for her wrongful or tortious acts ; her husband is not liable for such acts unless they were done by his actual coercion or instigation ; and such coercion or instigation shall not be presumed but must be proved."

In the case at hand there is no evidence whatever of any actual coercion or instigation by the husband of the acts of the wife which led to the bite that is complained of.

When the witness Hawkes was being examined he testified that he kept a dog himself, and thereupon he was asked, viz. : Q. "At any time was there any occurrence of a fight between your dog and this dog upon the Mahar place ?" The evidence was objected to as incompetent and immaterial and irrelevant. The evidence was excluded and the plaintiff took an exception. We think the exception does not present error.

In Wiley v. Slater (22 Barb. 509), Judge ALLEN said : " Whatever may have been the character and habits of the dog, there is no evidence that he was the aggressor, or in the wrong, in this particular fight. The plaintiff's dog may have provoked the quarrel and have caused the fight ; and if so, the owner of the victor dog, whoever he may be, cannot be made responsible for the consequences."

The dog referred to in the evidence before us may have been a very naughty dog, unfit to be harbored and owned by the defendant. However, the evidence found in the appeal book is insufficient to justify a recovery for the alleged injuries sustained by the plaintiff's daughter on the occasion when the dog obeyed its custodian and seized the calf of the left leg of the girl and produced the injuries which are detailed in the evidence. There is no sufficient evidence of scienter.

For the reasons already stated in the opinion the conclusion is reached that the nonsuit was right and that the county judge committed no error in denying the motion made on the minutes for a new trial.

All concurred, SMITH, J., not sitting.

Judgment and order affirmed, with costs.