■ THOMAS DUFOUR, Appellant, v DAVID BROWN, Defendant, and LISA CLEVELAND, Respondent. [888 NYS2d 219]—

McCarthy, J. Appeal from an order of the Supreme Court (Hummel, J.), entered March 3, 2009 in Rensselaer County, which granted defendant Lisa Cleveland's motion for summary judgment dismissing the complaint against her.

Plaintiff and his dog were attacked by a dog owned by defendant David Brown while Brown was living with defendant Lisa Cleveland, plaintiff's next-door neighbor. Plaintiff sued defendants* and Supreme Court granted Cleveland's motion for summary judgment dismissing the complaint against her, holding that since Cleveland was not the dog's owner and the incident did not occur on her property, she had no legal responsibility for the dog-bite incident. We reverse.

Brown was Cleveland's boyfriend and he and his dog, Nore, lived with Cleveland in a house that Cleveland owned. In her examination before trial, Cleveland testified that in October 2006, Nore, a pit bull/labrador mix, was in Cleveland's living room with Cleveland and Brown when plaintiff's dog came repeatedly to Cleveland's glass front door. Seeing this, Cleveland told Brown "to get up and make sure the door was locked so Nore couldn't bolt out the front door," and Brown complied. Nevertheless, Nore was so agitated that he "busted through the

---

* Brown has not appeared in the action and is in default.

door . . . push[ing] it so hard that it flew open" and attacked plaintiff's dog, causing serious injuries to the dog requiring 1,500 sutures. Cleveland witnessed this attack.

The January 2007 attack that gave rise to this lawsuit occurred when Brown left Nore in Cleveland's fenced backyard while he and Cleveland went to the store. While they were gone, Nore escaped and attacked plaintiff and his dog in plaintiff's yard. Plaintiff was bitten in the face. Plaintiff testified that he received 16 or 17 sutures to close a wound near his lip, and plaintiff's dog suffered injuries so severe that it was subsequently euthanized.

A person who harbors or keeps a dog with knowledge of the dog's vicious propensities is liable for injuries caused by the dog (*see Quilty v Battie*, 135 NY 201, 204 [1892]; *Wilson v Livingston*, 305 AD2d 585, 586 [2003]; *Brundrige v Howes*, 259 AD2d 895, 896 [1999]; *Belyski v Pedone*, 240 AD2d 608, 609 [1997]; *Duval v Barnaby*, 75 App Div 154, 156 [1902]). The record reveals that Brown was responsible for the care and maintenance of Nore, and Nore came and went with Brown when they moved in and out of Cleveland's home. However, Cleveland permitted Brown and his dog to live with her at the time of both attacks. Moreover, Cleveland witnessed Nore's vicious attack on plaintiff's dog in October 2006 after she and Brown attempted unsuccessfully to restrain Nore in Cleveland's home.

As noted by the Court of Appeals, "it is not material in actions of this character whether the defendant is the owner of the dog or not. It is enough for the maintenance of the action that [s]he keeps the dog, and the harboring a dog about one's premises, or allowing it to be or resort there, is a sufficient keeping to support the action" (*Quilty v Battie*, 135 NY at 204). Cleveland, the owner of the premises, was not an out of possession landlord or mere visitor to the dog owner's home (*cf. Zwinge v Love*, 37 AD2d 874 [1971]). As there is no dispute that, at the time of the attacks, the dog lived with Cleveland, with her permission in the home that she owned, and that Cleveland exercised at least some degree of control by directing Brown to restrain the dog prior to the October 2006 attack, we find, as a matter of law, that Cleveland harbored the dog. Nonetheless, issues remain as to whether Cleveland had notice of the dog's vicious propensities sufficient to impose liability and, therefore, Cleveland's motion must be denied.

Cardona, P.J., Peters, Kavanagh and Stein, JJ., concur. Ordered that the order is reversed, on the law, with costs, and defendant Lisa Cleveland's motion denied.