FETTMAN v. HENCKEN & WILLENBROCK CO.

(Supreme Court, Appellate Term. January 17, 1905.)

1. ANIMALS—VICIOUS PROPENSITIES—LIABILITY OF OWNER—NOTICE.
   The owner of a dog is not liable for the consequences of a bite inflicted by it in the absence of actual notice of a vicious propensity in the dog.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Samuel Fettman, an infant, etc., against the Hencken & Willenbrock Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, MacLEAN, and DAVIS, JJ.

Eidlitz & Holse, for appellant.

Jacoby & Dalberg, for respondent.

MacLEAN, J. In this action to recover for the bite of a dog the trial justice charged the jury, over the exception of the defendant, that: "If you believe the dog did bite this witness Greenspan and the boy Friedman, and that the defendant did or could or should have known of these occurrences, and continued to harbor the animal, then the law implies that the defendant did know of its viciousness, and it will be held liable for continuing to harbor the animal." This, in effect, based the liability of the defendant upon either

¶ 1. See Animals, vol. 2, Cent. Dig. § 233.

actual or constructive notice of vicious propensity, and was elsewhere in the charge expressly so stated. This was error, for "the doctrine of constructive notice has not been extended to actions of this description" (Laherty v. Hogan, 1 N. Y. St. Rep. 84, 85), particularly in the absence of proof that the animal was of a savage and ferocious nature.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.