### MULLER v. SHUFELDT et al.

(Supreme Court, Appellate Term. February 15, 1909.)

1. Appeal and Error (§ 934*)—Evidence to be Taken as True.

Though plaintiff's evidence is disputed in many material respects, and it is doubtful if he sustained the burden of proof, yet, having obtained the judgment, his evidence, for the purposes of determining an appeal, will be taken as true.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 934.*]

2. Animals (§ 72*)—Vicious Dogs—Ownership or Harboring.

Where a boy owning a dog lived with his parents upon premises owned by his mother, the dog being apparently kept in the family, and there

---

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was no other evidence as to harboring the dog, the father was not liable for any of its acts.

[Ed. Note.—For other cases, see Animals, Dec. Dig. § 72.*]

3. ANIMALS (§ 70*)—KNOWLEDGE OF VICIOUS PROPENSITY.

That a dog, upon several occasions previous to the time he "snapped"

To charge a person with liability for the acts of an animal, he must have had actual knowledge of its vicious propensity, and constructive knowledge is insufficient.

[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 228–237; Dec. Dig. § 70.*]

4. ANIMALS (§ 74*)—VICIOUSNESS—QUESTION FOR JURY.

That a dog, upon several occasions previous to the time he "snapped" plaintiff's horse, had "run out and barked" at horses being driven along the street, and at different times had barked at persons and dogs passing by, is not, as a matter of law, evidence of viciousness, no matter for how long this propensity had continued.

[Ed. Note.—For other cases, see Animals, Dec. Dig. § 74.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Paul Muller against Sarah Shufeldt and another. Judgment for plaintiff, and defendants appeal. Reversed, and a new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

Joyce & Hoff, for appellants.
William E. Morris, for respondent.

PER CURIAM. Although the testimony of the plaintiff and his witnesses is disputed in many material respects, and it is doubtful if it can fairly be said that he sustained the burden of proof, nevertheless, having obtained the judgment, his evidence and that of his witnesses will, for the purpose of determining this appeal, be taken as true, and is substantially as follows: The plaintiff, on Sunday afternoon preceding Decoration Day in 1908, was driving a horse attached to a wagon, in which was himself, his eldest son, and three other small children. He drove to Van Cortlandt Park, and on his way home, as he was passing through Creston avenue, in the Bronx, he says:

"A couple of dogs jumped on the horse. One was in front of the horse, and the other got underneath the wagon and snapped the horse, and the horse commenced to kick, and got away with me."

He says he noticed that the dog that got under the wagon was "a white fox terrier with brown spots on him." He also said that:

"He [the dog] snapped the horse's leg. * * * The horse commenced to kick and run away."

The plaintiff and his children were thrown from the wagon, and for the injuries received by the plaintiff to his person and property he recovered the judgment herein.

It is in evidence, undisputed, that George Shufeldt, a son of these

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

defendants, is the owner of a dog answering the description given by the plaintiff as being the dog that ran out and "snapped the horse." George Shufeldt lives with his parents, these defendants, upon premises owned by his mother, the defendant Sarah Shufeldt, and the dog was apparently kept in the family. This is the only testimony that is given as to the ownership or harboring of the dog. It is clear, therefore, that under this state of facts the defendant John B. Shufeldt is not liable in any way for the acts of the dog. In the case of Quilty v. Battie, 135 N. Y. 201, 32 N. E. 47, 17 L. R. A. 521, it was held that, where a husband and wife were sued for injuries occasioned by the bite of a dog, it appearing that the husband was the owner of the dog, but that it was kept upon premises owned by the wife, and there was no evidence that he had other property on the premises, or was in possession of the premises as her tenant, or that he knew of the vicious propensities of the dog, and he was sought to be held liable solely on the ground of his marital liability for the acts of his wife, a judgment rendered against him was error. In that case the wife was held liable, because it was shown that she kept and harbored the dog, knowing that it was vicious.

It is a well-known rule of law that, before a plaintiff can recover damages for an injury occasioned by an animal, he must prove scienter on the part of the defendant. In the case at bar this proof is lacking. It was shown that the dog in question had upon several occasions previous to the time of the injuries to the plaintiff been seen to "run out and bark" at horses being driven along the street leading by the defendants' premises, and had at different times barked at persons and dogs passing by. We have not been cited to any cases which hold as a matter of law that these facts alone are evidence of viciousness on the part of a dog, no matter for how long a time this propensity has been shown to exist; nor is there a particle of proof tending to show actual knowledge on the part of the defendants of this habit existing in the dog in question. Neither is there any testimony whatever showing that this dog had ever bitten a person or animal prior to the time it is alleged by the plaintiff that he "snapped" his horse. It is not enough to show, in a case where it is sought to charge a person with liability for the acts of an animal, that such person had constructive knowledge of the vicious propensities of the animal.

The doctrine of constructive notice has not been extended to cases of this character. It must be actual knowledge on the part of the owner that must be shown. Laherty v. Hogan, 1 N. Y. St. Rep. 84, 85; Fettman v. Hencken & Willenbrock Co. (Sup.) 91 N. Y. Supp. 773. In each of the cases cited by the respondent herein, the person owning or harboring a dog has had its harmful character brought home to him, not necessarily by its having been shown to have bitten a person prior to the one in suit, but by actual knowledge of facts and circumstances showing the viciousness of the animal, as, for instance, in Brice v. Bauer, 108 N. Y. 428, 15 N. E. 695, 2 Am. St. Rep. 454, where the defendant kept a number of dogs, which were chained up day and night, this fact, together with the purposes for which were

kept, charged the owner with knowledge of their character. No such proof is presented in the case at bar.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

GILDERSLEEVE and SEABURY, JJ., concur. GIEGERICH, J., concurs in the result.