■ LEONTIOS ARSLANOGLOU et al., Appellants, v BERNARD DE-FAYETTE et al., Respondents, et al., Defendants. — Appeal (1) from an order of the Supreme Court at Special Term (Walsh, Jr., J.), entered April 26, 1984 in Clinton County, which granted defendants Bernard and Helen Defayette's motion for summary judgment dismissing the complaint as to them, and (2) from the judgment entered thereon.

This action was generated by a dog bite sustained by plaintiff Leontios Arslanoglou on November 9, 1982 while he was jogging on Route 191 in the Town of Chazy, Clinton County. The dog, a black German Shepherd, had been purchased as a puppy by defendant David Defayette who then took it to 153 Broad Street in the City of Plattsburgh, the home of his parents, defendants Bernard and Helen Defayette. In September, 1981, David moved to his own apartment in Plattsburgh, but since pets were not allowed, he brought the dog to his brother, defendant Larry Defayette, who lived in the Town of Chazy in a trailer owned by his parents, which was located on property owned by Helen Defayette's brother, Jesse T. Baker. In a house on this property, the brother lived with his and Helen's 95-year-old mother, Rose Baker. When Rose became ill, Helen and Bernard temporarily left Plattsburgh and went to stay in the Baker house to help care

for her. They stayed in Chazy from September, 1982 until April, 1983, when they returned to Plattsburgh. During this time the dog was kept by Larry behind the trailer in a 15-foot by 20-foot pen with four-foot high sides constructed of chain link fence and covered by wire mesh.

After issue was joined, defendants Bernard and Helen Defayette moved for summary judgment dismissing the complaint as to them. Their motion was granted by Special Term. Under these circumstances, which are generally undisputed, there has been no showing that defendants Bernard and Helen Defayette owned, kept or harbored the dog or exerted any control over it in any way. On the contrary, the facts reveal that the dog was owned by David Defayette and that he had entrusted it to the care of his brother Larry long before the parents came to Chazy to care for Rose. The dog was kept behind the trailer, along with another dog owned by Larry, in a pen that had been erected by Larry. Accordingly, no cause of action has been alleged as to Bernard and Helen Defayette, and Special Term properly granted summary judgment dismissing the complaint as to them (see *Zwinge v Love*, 37 AD2d 874).

Order and judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.