■ Mary Nidzyn et al., Respondents, v Roger Stevens et al., Respondents, and Thomas Kerr, Appellant.—In an action to recover damages for personal injuries, etc., the defendant Thomas Kerr appeals from an order of the Supreme Court, Suffolk County (Saladino, J.), dated October 14, 1987, which denied his motion for summary judgment dismissing the complaint and the cross claim as against him.

Ordered that the order is reversed, on the law, with costs, the motion is granted and the complaint and cross claim as against the defendant Kerr are dismissed.

Both the complaint and the bill of particulars alleged that on January 31, 1986, the plaintiff Mary Nidzyn was injured when a dog named Jake jumped on her and knocked her down. The accident occurred on the plaintiffs' property which was located across the street from the appellant's residence. The theory of the plaintiffs' case against the appellant alleged in the pleadings is that the appellant wrongfully harbored the dog Jake knowing of his vicious propensities. The appellant's moving papers consisted of his attorney's affirmation, his own affidavit and the transcript of the defendant Roger Stevens' examination before trial. It is undisputed that the dog Jake was owned by the defendants Stevens. Moreover, at his examination before trial Roger Stevens stated he was on vacation on the date in question and had entrusted Jake to the care of his 17-year-old son and his father. He specifically denied leaving Jake in the care of the appellant. It is also undisputed that

Jake had on occasion wandered onto the appellant's property. Under these circumstances, there has been an inadequate showing that the appellant exerted sufficient dominion and control over Jake to hold him liable as a harborer of the dog *(see, Arslanoglou v Defayette,* 105 AD2d 973; *Zwinge v Love,* 37 AD2d 874). The mere fact that Jake sometimes entered onto the appellant's property is not sufficient to hold the appellant as a harborer.

In opposing the motion for summary judgment, the defendants Stevens submitted their attorney's affirmation and an excerpt from the injured plaintiff's examination before trial. Contrary to appellant's contention, the attorney's affirmation submitted in opposition was of probative value because it was based on documentary evidence *(see, Zuckerman v City of New York,* 49 NY2d 557; *Weingarten v Marcus,* 118 AD2d 640). Nevertheless, the opposing papers did not supply the necessary admissible evidentiary showing to successfully resist the motion (CPLR 3212 [b]). The opposing papers sought to raise a new theory not alleged in the complaint or cross claim premised upon the injured plaintiff's testimony at her examination before trial, i.e., that appellant's dogs were a contributing cause of the accident. Although summary judgment may be awarded based upon facts appearing in the record without regard to technical defects in the pleadings *(see, Johnson v Gaughan,* 128 AD2d 756), the excerpt from the injured plaintiff's testimony upon which the new theory is premised demonstrates only that she fell over one of the appellant's dogs after the Stevens' dog Jake jumped on her. There is no indication that one of the appellant's dogs actively contributed to the accident. Since the new claim is without a factual basis in the record, summary judgment should have been awarded to the appellant. Mollen, P. J., Mangano, Thompson and Rubin, JJ., concur.