■ MAFALDA BASTA et al., Respondents, v TYRONE A.J. MA-CHICOTE, Defendant and Third-Party Plaintiff-Respondent. "JOHN" JEWETT et al., Third-Party Defendants. (Action No. 1.) MAFALDA BASTA et al., Respondents, v ANDERSON N. JEWETT et al., Appellants. (Action No. 2.)—In two consolidated actions to recover damages for personal injuries, etc., the defendant Anderson N. Jewett appeals from an order of the Supreme Court, Queens County (Katz, J.), dated September 18, 1989, which denied his motion for summary judgment dismissing the complaint and any cross claims insofar as asserted against him, and the defendant Oliver Cole, Jr. appeals from an order of the same court, also dated September 18, 1989, which denied his motion for summary judgment dismissing the complaint and any cross claims insofar as asserted against him.

Ordered that the orders are reversed, on the law, with one bill of costs payable by the plaintiffs-respondents and the third-party plaintiff-respondent appearing separately and filing separate briefs, the motions are granted, the plaintiff's complaint and the third-party complaint are dismissed insofar as they are asserted against the appellants, and Action No. 1 against the remaining defendant is severed.

In order to obtain summary judgment, the movant must establish its defense or cause of action sufficiently to warrant a court directing judgment in its favor as a matter of law. The party opposing the motion, on the other hand, must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which the opposing claim

rests. Mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient for this purpose *(see, Frank Corp. v Federal Ins. Co.,* 70 NY2d 966).

The defendants Jewett and Cole have established through their deposition testimony that neither of them owned a reddish-brown Doberman pinscher during the time period in question. The only evidence in the record to the contrary is the deposition testimony of the defendant Machicote. It is apparent from his testimony, however, that Machicote has no personal knowledge of the ownership of the reddish-brown Doberman pinscher which caused the plaintiff Malfalda Basta's injuries. Machicote's speculation as to the owner of the reddish-brown Doberman pinscher is patently inadequate to establish the existence of a factual issue requiring a trial. Such testimony is without evidentiary value and, thus, unavailing *(see, Zuckerman v City of New York,* 49 NY2d 557, 563; *see also, Eddy v Tops Friendly Mkts.,* 91 AD2d 1203, *affd* 59 NY2d 692). Brown, J. P., Sullivan, Eiber and O'Brien, JJ., concur.