■ NUCLEAR FACILITIES, INC., Respondent, v ADVANCE RELOCATION AND STORAGE, INC., Appellant.—In an action to recover damages for breach of contract and negligence, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), entered December 13, 1989, as, upon reargument, adhered to its original determination denying its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

This is an action to recover damages for breach of contract and negligence arising out of damage allegedly caused to an

"OMNI Medical CAT Scanner" owned by the plaintiff Nuclear Facilities, Inc. (hereinafter Nuclear), while it was being stored at a warehouse owned by the defendant Advance Relocation and Storage, Inc. (hereinafter Advance), in Oceanside, New York.

Contrary to the contention of Advance, the "Uniform Household Goods Bill of Landing and Freight Bill" did not apply to the storage of Nuclear's scanner. Where the language of a contract is clear and unambiguous, its plain meaning should govern its interpretation (see, Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., 32 NY2d 285; Laba v Carey, 29 NY2d 302). By its title and preprinted provisions, the document is designed for use by carriers as a bill of lading. Indeed, all of its preprinted provisions expressly refer to carriers. Further, it is clear that the document was issued solely in connection with the transportation of the scanner since Nuclear was charged $756 for "Transportation", $100 for "Warehouse Handling", and $100 for "Transit Storage". In contrast, after the scanner was put into storage at Advance's warehouse, Nuclear received invoices from Advance for payments for "monthly storage". The provision in the document that states that claims must be filed "within nine months after delivery of the property" only makes sense if the document was issued for the benefit of the carrier since this provision would only entitle Nuclear to file a claim up to nine months after the scanner was delivered to the warehouse regardless of how long the scanner was in storage. Further, the restrictive provisions of a bill of lading will not apply to a warehouse (see, Miller v Greyvan Lines, 284 App Div 133, affd 308 NY 853; Starr v Beerman, 189 NYS 174; Barlow Upholstery & Furniture Co. v Emmel, 533 P2d 900 [Utah]).

Contrary to the contention of Advance, the document does not contain all the essential terms of a warehouse receipt (UCC 7-202 [2]). Missing are "a statement whether the goods received will be delivered to the bearer, to a specified person, or to a specified person or his order" (UCC 7-202 [2] [d]), the "rate of storage" (UCC 7-202 [2] [e]), and the "signature of the warehouseman" (UCC 7-202 [2] [g]). The only signatures appear on the descriptive inventory in a box labeled "at origin". There are no signatures in the box labeled "at destination" nor on the bill of lading. As to the rate of storage, only a rate is given for the "Transit Storage". While a warehouse receipt need not be in any particular form, the document in question cannot constitute a warehouse receipt since it lacks all of the essential terms.

Contrary to Advance's contention, Nuclear's affidavit in opposition to Advance's motion for summary judgment was sufficient because it was based on documentary evidence, and thus did not require the affiant to have personal knowledge of all the facts of the case *(see, Marine Midland Bank v Embassy E.,* 160 AD2d 420; *Nidzyn v Stevens,* 148 AD2d 592).

We have examined Advance's remaining contentions and find them to be without merit. Brown, J. P., Kunzeman, Harwood and Rosenblatt, JJ., concur.