■ DAWN POWELL, Respondent, v JOHN WOHLLEBEN, Respondent, and GLORIA WILSON, Appellant. [681 NYS2d 580] —In an action to recover damages for personal injuries, the defendant Gloria Wilson appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (O'Brien, J.), dated September 26, 1997, as denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the appellant's motion for summary judgment is granted, the complaint and all cross claims are dismissed insofar as asserted against her, and the action against the remaining defendant is severed.

It is well established that the law imposes strict liability on the owner of a dog who inflicts injuries on others if the owner knew or should have known that the dog had the propensity to be vicious (see, Lynch v Nacewicz, 126 AD2d 708; Nardi v Gonzalez, 165 Misc 2d 336, 339). It is equally well settled, however, that liability will not be imposed when there is no evidence that the defendant owned, possessed, harbored, or exercised dominion and control over the dog (see, Basta v Machicote, 171 AD2d 832; Nidzyn v Stevens, 148 AD2d 592;

*Arslanoglou v Defayette,* 105 AD2d 973). Here, there is no evidence in the record that the defendant Gloria Wilson fits any of those criteria. Accordingly, Gloria Wilson is entitled to summary judgment. Rosenblatt, J. P., Santucci, Friedmann and McGinity, JJ., concur.