■ Tracey Raponi et al., Respondents-Appellants, v Dean Distin, Respondents, and Joseph A. Fiumara, Jr., et al., Appellants-Respondents. [771 NYS2d 445]—

Appeal and cross appeal from an order of the Supreme Court, Oswego County (Robert J. Nicholson, J.), entered November 13, 2002. The order granted the motion of defendants Joseph A. Fiumara, Jr. and Jafco Design Builders for summary judgment in part, dismissed the complaint against defendant Joseph A. Fiumara, Jr., individually, and permitted plaintiffs to amend the caption.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion in its entirety, dismissing the complaint in its entirety against defendants Joseph A. Fiumara, Jr. and Jafco Design Builders and vacating the second ordering paragraph and as modified the order is affirmed without costs.

Memorandum: Supreme Court properly granted that part of the motion of defendants Joseph A. Fiumara, Jr. and Jafco Design Builders (Jafco) seeking summary judgment dismissing the complaint against Fiumara individually, but erred in denying that part of the motion seeking summary judgment dismissing the complaint against Jafco and permitting plaintiffs to amend the caption to reflect Jafco's partnership status. Liability will not be imposed when there is no evidence that the defendant "owned, possessed, harbored, or exercised dominion and control over the dog" (*Powell v Wohlleben*, 256 AD2d 396, 396 [1998]). Here, it is uncontroverted that the dog was owned by defendants Dean and Kathy Distin, and both Jafco and Fiumara established as a matter of law that neither of them fits any of those other criteria (*see id.* at 397). Thus, we modify the order by granting the motion in its entirety, dismissing the complaint in its entirety against Fiumara and Jafco and vacating the second ordering paragraph. Present—Green, J.P., Wisner, Scudder, Gorski and Lawton, JJ.