Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered July 17, 2012, which granted defendants’ motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants, a grocery store and its owner, established entitlement to judgment as a matter of law. Defendants demonstrated that they did not own or harbor the two pit bulls that attacked plaintiff and did not own or control the adjacent lot on which the dogs were kept (see Smith v City of New York, 68 AD3d 445, 446 [1st Dept 2009]; Williams v City of New York, 306 AD2d 203, 206-207 [1st Dept 2003]).
In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff’s only evidence of defendants’ ownership and/or control over the dogs and the subject lot consisted of hearsay statements from a mechanic who operated out of the lot which the dogs guarded and his own observations that defendant Ovalle fed the dogs at an unidentified frequency and walked the dogs on one occasion, that men from the grocery store and Ovalle’s relatives were involved in the dogs’ care, and that men from the grocery store accessed the lot. Such evidence does not establish that defendants harbored the dogs (cf. Dufour v Brown, 66 AD3d 1217 [3d Dept 2009]). Moreover, plaintiff had never seen the dogs on defendants’ premises and does not claim to have ever seen Ovalle enter the lot. Plaintiff’s speculation that Ovalle employed the aforementioned mechanic and had an interest in a nearby auto parts store and that the store was associated with the lot, does not establish that defendants owned or controlled the lot.
Plaintiff’s argument that defendants’ failure to annex the answer mandates denial of the motion (see CPLR 3212 [b]) is *540 unpreserved (see Tranes v Independent Health Assn., 275 AD2d 410 [2d Dept 2000]). Had plaintiff raised the issue earlier, defendants would have had an opportunity to supplement the record (see Ayer v Sky Club, 70 AD2d 863 [1st Dept 1979], appeal dismissed 48 NY2d 705 [1979]). In any event, this procedural defect does not bar consideration of the motion as defendants explained the absence of the answer and submitted a copy of Ovalle’s deposition transcript, wherein he denied the relevant allegations concerning ownership and control of the dogs and lot. Accordingly, the record was sufficiently complete to consider the motion (see Chan v Garcia, 24 AD3d 197, 198 [1st Dept 2005]).
Furthermore, plaintiff has not established any basis to revive his abandoned negligence claim (see Bard v Jahnke, 6 NY3d 592 [2006]; compare Hastings v Sauve, 21 NY3d 122 [2013]). Concur — Gonzalez, P.J., Tom, Saxe, Manzanet-Daniels and Gische, JJ.