Chimento v Mangieri (2025 NY Slip Op 02314)

Chimento v Mangieri

2025 NY Slip Op 02314

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2024-01403
 (Index No. 602252/21)

[*1]Theresa Chimento, appellant, 
v
Sarah Mangieri, respondent.

Feiner & Lavy, P.C., New York, NY (Richard G. Monaco of counsel), for appellant.
Devitt Spellman Barrett, LLP, Hauppauge, NY (Christi M. Kunzig of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (George Nolan, J.), entered July 24, 2023. The judgment, upon an order of the same court dated July 6, 2023, granting the defendant's motion for summary judgment dismissing the complaint, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
In July 2019, the plaintiff was attacked by a dog owned by the nonparty Richard Finlayson at his residence. The plaintiff commenced this action against the defendant alleging that she was negligent in opening a door to allow the dog to enter the house where the attack began. The defendant moved for summary judgment dismissing the complaint, contending that she did not own, harbor, or control the dog at issue. In an order dated July 6, 2023, the Supreme Court granted the defendant's motion, and subsequently entered a judgment upon the order in favor of the defendant and against the plaintiff dismissing the complaint. The plaintiff appeals.
The "owner of a dog may be liable for injuries caused by that animal only when the owner had or should have had knowledge of the animal's vicious propensities" (Hewitt v Palmer Veterinary Clinic, PC, 35 NY3d 541, 547; see Petrone v Fernandez, 12 NY3d 546, 550; Bard v Jahnke, 6 NY3d 592, 599; Collier v Zambito, 1 NY3d 444, 446). "The vicious propensity notice rule has been applied to animal owners who are held to a strict liability standard, as well as to certain non-pet owners—such as landlords who rent to pet owners—under a negligence standard" (Hewitt v Palmer Veterinary Clinic, PC, 35 NY3d at 548; see Strunk v Zoltanski, 62 NY2d 572, 575-576; Castillo v Berne, 230 AD3d 557, 558-559).
Here, in support of her motion for summary judgment dismissing the complaint, the defendant, who also was a guest at the premises and also was attacked by the dog, established that she did not own, possess, harbor, or exercise dominion and control over the dog (see Mercado v Ovalle, 110 AD3d 539; Raponi v Distin, 4 AD3d 802, 803; Powell v Wohlleben, 256 AD2d 396, 396-397). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant owed her a duty of care with respect to the subject dog. Accordingly, the Supreme Court properly [*2]granted the defendant's motion for summary judgment dismissing the complaint.
GENOVESI, J.P., BRATHWAITE NELSON, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court