■ LORELEI WATERMAN, Appellant, v YAMAHA MOTOR CORP., Respondent.—Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted summary judgment to defendant, Yamaha Motor Corp. Plaintiff's action was based upon the theory that an all-terrain vehicle (ATV) was negligently manufactured because it was equipped with a pull start rather than a locking ignition, thus making it more vulnerable to theft. Plaintiff was injured when she was struck by an ATV driven by a person who had stolen it from its owner.

Defendant moved for summary judgment. In support of its motion, defendant submitted the affidavit of its Product Validation Specialist, who averred that ATVs without ignition locks are distributed by defendant as well as by other manufacturers throughout the industry. He further averred that "[t]here exists no uniform practice within the industry to install ignition locking devices on such equipment."

In response, plaintiff submitted only the affidavit of her attorney, who indicated his belief that questions of fact exist and his hope that further discovery might reveal "other defects in the vehicle which may have caused or contributed to the accident."

Defendant met its burden on its motion for summary judgment by submitting proof in admissible form sufficient to demonstrate that the ATV in question was not defective. In response, plaintiff submitted only an attorney's affidavit, which is of no probative value *(see, Zuckerman v City of New York,* 49 NY2d 557, 560). Mere assertions in an attorney's affidavit that sufficient proof exists to create a factual issue fail to satisfy plaintiff's burden *(see, Vermette v Kenworth Truck Co.,* 68 NY2d 714, 717). Moreover, counsel's speculation that the results of future discovery might uncover other defects in the ATV is "patently inadequate to establish the existence of a factual issue requiring a trial" *(Zuckerman v City of New York, supra,* at 563). We note that in the year between defendant's answer and its motion for summary judgment, plaintiff pursued no discovery. We further note that the documents appended to plaintiff's brief are not included in the stipulated record on appeal and therefore were not considered by this court. (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Callahan, J. P., Boomer, Balio, Lawton and Doerr, JJ.