■ PENN IRON & METAL CO., INC., Doing Business as AMSOURCE, et al., Appellants, v JOHN J. GROSS et al., Defendants, and NICHOLAS J. REDINO, Respondent. [596 NYS2d 243] —Order unanimously modified on the law and as modified affirmed with costs to defendant Nicholas J. Redino in accordance with the following Memorandum: Supreme Court properly granted defendant Nicholas J. Redino's motion for summary judgment dismissing the complaint. Plaintiffs seek to recover for the wrongful acts of, *inter alia,* INS Equipment Co., doing business as INS Scrap Processors (INS) in allegedly purchasing scrap iron, knowing that it was stolen. Redino is a minority shareholder, holding 25% of INS' stock. Redino was not sued as a corporate officer or director, nor did the complaint accuse

him of being individually involved in the transaction. The uncontradicted proof submitted by Redino established that he had no involvement in INS' affairs for well over a decade and that he was not aware of the alleged wrongful conduct of INS until long after the fact. Plaintiffs' argument that summary judgment is premature because further disclosure might reveal a triable issue is inadequate to defeat Redino's motion *(see, Ess v State Farm Mut. Auto. Ins. Co.,* 191 AD2d 959; *Waterman v Yamaha Motor Corp.,* 184 AD2d 1029). This action was commenced October 24, 1991. The reason offered for the delay is that disclosure has been hampered by a Federal investigation. No showing has been made, however, how that investigation has hindered discovery with respect to Redino's status with INS or his alleged involvement in the conspiracy.

Supreme Court, however, erred in awarding Redino costs and attorney's fees pursuant to CPLR 8303-a. Plaintiffs and their attorney had a duty to act in good faith to investigate their claim and to forebear from asserting it if it lacked a reasonable basis *(see, Smullens v MacVean,* 183 AD2d 1105; *Mitchell v Herald Co.,* 137 AD2d 213, 219-220, *appeal dismissed* 72 NY2d 952). Supreme Court did not make the necessary finding that plaintiffs acted in bad faith in naming Redino a defendant in this action. Further, from our review of the record, we conclude that the action against Redino was not begun in bad faith nor was it frivolous *(see,* CPLR 8303-a [c] [ii]). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Denman, P. J., Green, Balio, Fallon and Boehm, JJ.