■ MICHAEL D. GARDNER, Appellant, v HONDA MOTOR COMPANY, LTD., et al., Respondents, et al., Defendant. (Appeal No. 1.) [627 NYS2d 492] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in granting summary judgment dismissing the first and third causes of action, alleging negligence and strict products liability, against defendants and all related cross claims insofar as the causes of action and cross claims allege defective design, failure to test and inspect, and failure to warn. With respect to strict products liability, defendants failed to meet their initial burden of proving that a safer design was not feasible and that there was adequate testing and inspection *(see, Voss v Black & Decker Mfg. Co.,* 59 NY2d 102, 108-109). The affidavits of the expert of defendants Honda Motor Company, Ltd., and American Honda Motor Company (Honda) were conclusory and factually unsupported on those issues. With respect to negligence, defendants failed to meet their initial burdens of proving the reasonableness of their own conduct on those issues *(see, Voss v Black & Decker Mfg. Co., supra,* at 106). The statement of Honda's expert that Honda's conduct comported with industry standards does not establish as a matter of law that Honda was not negligent *(see, Trimarco v Klein,* 56 NY2d 98, 106-107; *see also, Feiner v Calvin Klein, Ltd.,* 157 AD2d 501, 502).

Defendants premised their argument that there was no violation of a duty to warn on the assumption that there was no design defect about which to warn. Because we reinstate the allegations that there was a design defect, we also reinstate the allegations that defendants failed to warn of the defect.

The court properly granted summary judgment dismissing the first and third causes of action insofar as they allege that the seat belt system was defective. In opposition to Honda's motion, plaintiff argued only that there is an issue of fact whether he was wearing a seat belt at the time of the accident. We conclude that plaintiff failed to raise an issue of fact by submission of his own deposition testimony wherein he stated that he could not recall whether he was wearing a seat belt, and similar testimony of a paramedic. Plaintiff argues that the police report submitted by Honda in support of its motion is not admissible evidence; that argument is raised for the first time on appeal, and we do not consider it *(see, Arvantides v Arvantides,* 106 AD2d 853, 854, *mod on other grounds* 64 NY2d 1033). We further conclude that the court properly dismissed the breach of warranty cause of action as time barred *(see, Heller v U. S. Suzuki Motor Corp.,* 64 NY2d 407, 412). Plaintiff argues that dismissal of that cause of action is premature because defendants are in exclusive possession of facts pertaining to possible warranties of future performance. Plaintiff has failed to show "beyond speculation or surmise" that discovery would give rise to identifiable issues of fact *(Smith v Fishkill Health-Related Ctr.,* 169 AD2d 309, 316, *lv denied* 78 NY2d 864; *see, Fried v Seippel,* 80 NY2d 32, 41-42, n 5; *Waterman v Yamaha Motor Corp.,* 184 AD2d 1029, 1030).

We note that, by granting summary judgment dismissing the complaint, the trial court thereby concluded that further discovery was unnecessary. In view of our determination reinstating portions of the first and third causes of action, the parties may seek further consideration of the issue of discovery before the trial court.

We modify the orders on appeal, therefore, by reinstating the first and third causes of action against defendants and all related cross claims insofar as the causes of action and cross claims allege defective design, failure to test and inspect, and failure to warn. (Appeal from Order of Supreme Court, Erie County, Wolfgang, J.—Summary Judgment.) Present—Pine, J. P., Wesley, Doerr, Davis and Boehm, JJ.