■ PATRICIA A. JACK, Individually and as Parent and Natural Guardian of CHRISTINE R. JACK, Formerly an Infant, et al., Respondents, v ELIZABETH GEIHS, Defendant, and DORIS S. PULCINI, Individually and as Executor of FLOYD J. PULCINI, Deceased, Appellant. [666 NYS2d 67] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in imposing costs and attorney's fees of $500 pursuant to CPLR 8303-a. The record does not support a finding of bad faith on the part of the attorney for Doris S. Pulcini (defendant) and her decedent, Floyd J. Pulcini (see, CPLR 8303-a [c] [ii]; *Lee v City of Rochester,* 195 AD2d 1000, 1002; *Penn Iron & Metal Co. v Gross,* 192 AD2d 1059, 1060). Defendant's attorney, whose office was in Buffalo, declined to withdraw an affirmative defense that the court lacked jurisdiction over defendant until she had an opportunity to examine the file in the Wayne County Clerk's Office and determine that proof of service had been properly filed (see, CPLR 306-b [a]). Plaintiffs' attorney had earlier informed defendant's attorney by letter that affidavits of personal service had been filed. When defendant's attorney requested that copies of the filed affidavits be provided, plaintiffs' attorney responded that they were available for review in the County Clerk's file.

It was not unreasonable for defendant's attorney to maintain the defense until she came to Wayne County for depositions, when she also examined the County Clerk's file. Thus, we modify the order by denying that part of plaintiffs' motion for costs and attorney's fees pursuant to CPLR 8303-a. (Appeal

from Order of Supreme Court, Wayne County, Sirkin, J.—Costs.) Present—Pine, J. P., Hayes, Wisner, Boehm and Fallon, JJ.