■ Timothy Bailey, Individually and as Parent and Natural Guardian of A.B., An Infant, Appellant, v John Veitch, et al., Respondents. [814 NYS2d 459]—

Appeal from an order of the Supreme Court, Monroe County (Robert J. Lunn, J.), entered June 23, 2005 in a personal injury action. The order granted the motions of defendants for summary judgment dismissing the complaint against them and denied plaintiff's cross motion for partial summary judgment on liability.

It is hereby ordered that the order so appealed from be and the same hereby is modified on the law by denying the motions and reinstating the complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action, individually and on behalf of his daughter, seeking damages for injuries

sustained by his daughter when she allegedly was attacked by a dog owned and/or harbored by defendants John Veitch, the maternal grandfather of plaintiff's daughter, and Kathleen A. Cappon. We agree with plaintiff that Supreme Court erred in granting the respective motions of defendants for summary judgment dismissing the complaint against them, but we further conclude that the court properly denied plaintiff's cross motion for partial summary judgment on liability. We therefore modify the order accordingly.

Contrary to the court's determination, we conclude on the record before us that there is an issue of fact whether Sable, the dog at issue, caused the injuries sustained by plaintiff's four-year-old daughter. The record establishes that plaintiff's daughter was alone in a room with Sable, a Husky-Rottweiler mixed breed dog, when family members who were in an adjoining room heard Sable growl and heard plaintiff's daughter crying. When the family members entered the room, plaintiff's daughter had a gaping laceration on her nasal bridge and multiple puncture wounds on her face. Although the actual incident was unwitnessed, we conclude that there is an issue of fact whether Sable inflicted the injuries sustained by plaintiff's daughter, particularly in view of the medical records indicating that plaintiff's daughter was treated for a dog bite as a result of the incident at issue (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Contrary to the statement of the court in its bench decision, those medical records may ultimately be deemed admissible at trial (*see Eitner v 119 W. 71st St. Owners Corp.*, 253 AD2d 641 [1998]; *see also Williams v Alexander*, 309 NY 283, 287-288 [1955]).

Also contrary to the court's determination, we conclude on the record before us that there is an issue of fact whether defendants knew or should have known that Sable had any vicious propensities (*see generally Collier v Zambito*, 1 NY3d 444, 446-447 [2004]). The record establishes that, "a week or two" before the incident at issue herein, Sable bit the hand of Veitch's grandson. Although the bite did not require medical attention, Veitch was informed that the dog had bitten his grandson. "Knowledge of vicious propensities may of course be established by proof of prior acts of a similar kind of which the owner had notice" (*id.* at 446). Here, the court erred in determining as a matter of law that the bite to Veitch's grandson was too minor or trivial to establish that Sable had vicious propensities. Rather, the issue whether the bite to Veitch's grandson was sufficient to provide notice to defendants of Sable's vicious propensities is one for the trier of fact to resolve (*see generally Sillman v*

*Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957], *rearg denied* 3 NY2d 941 [1957]). Although Cappon denied that she had actual knowledge that Sable had bitten Veitch's grandson, we conclude that plaintiff raised an issue of fact with respect to Cappon's knowledge of the incident. The record establishes that Cappon and Veitch resided together for 10 years, trained the dog together, shared the responsibility for taking Sable to the veterinarian, harbored Sable in their home and had equal control over Sable. Thus, a trier of fact should be permitted to evaluate the credibility of Cappon concerning her denial of knowledge of that dog bite (*see generally Krampen v Foster*, 242 AD2d 913, 914-915 [1997]). Moreover, plaintiff presented the deposition testimony of Veitch in which he stated that it was their usual practice not to leave a four-year-old child alone in a room with Sable, and a trier of fact could reasonably infer that defendants had knowledge of vicious propensities on the part of Sable, resulting in that practice. "[A]n animal that behaves in a manner that would not necessarily be considered dangerous or ferocious, but nevertheless reflects a proclivity to act in a way that puts others at risk of harm, can be found to have vicious propensities—albeit only when such proclivity results in the injury giving rise to the lawsuit" (*Collier*, 1 NY3d at 447).

Finally, we conclude on the record before us that there is an issue of fact whether Veitch and Cappon both were owners of Sable or whether either Veitch or Cappon had sole ownership of her. The record establishes that, although Sable was unlicensed at the time of this incident, she lived for nine years in the home occupied by both defendants. The record further establishes that Veitch took Sable to the veterinarian on occasion, and plaintiff testified at his deposition that Sable "was controlled by [Veitch]," and that "[y]ou couldn't walk in the house unless [Veitch] was in the house . . . ." According to the deposition testimony of Cappon, she and Veitch had equal control over Sable. We thus conclude that there is an issue of fact with respect to the ownership of Sable (*see generally Zuckerman*, 49 NY2d at 562).

All concur except Hurlbutt, J.P., and Hayes, J., who dissent in part in accordance with the following memorandum.

Hurlbutt, J.P., and Hayes, J. (dissenting in part). We respectfully dissent in part. We agree with the majority that there are issues of fact whether Sable, the dog allegedly owned and/or harbored by defendants, caused the injuries sustained by plaintiff's daughter and whether defendant John Veitch knew or should have known that Sable had vicious propensities. We

cannot agree with the majority, however, that there is an issue of fact whether defendant Kathleen A. Cappon had notice of Sable's alleged vicious propensities. We thus conclude that Supreme Court properly granted the motion of Cappon for summary judgment dismissing the complaint against her and would affirm that part of the order.

In our view, the only evidence of vicious propensities in the record concerns an incident that occurred one or two weeks prior to the incident at issue, in which Sable bit the hand of Veitch's grandson. It is undisputed, however, that the bite did not cause any injury to the child. Cappon, who was not in the home when Veitch's grandson was bitten, testified at her deposition that she was unaware of that incident until a few days before her deposition. Contrary to the conclusion of the majority, the fact that Cappon and Veitch lived together and jointly harbored Sable does not support an inference that Cappon was aware of the biting incident involving Veitch's grandson (*see generally Tronolone v Praxair, Inc.*, 22 AD3d 1031, 1032-1033 [2005]; *Schulman v Continental Ins.*, 258 AD2d 639, 640 [1999]; *Schaeffer v Upjohn Co.*, 197 AD2d 446 [1993]). The record does not support the assertion of the majority that Veitch testified at his deposition that "it was their usual practice not to leave a four-year-old child alone in a room with Sable," thus giving rise to an inference of knowledge of vicious propensities. Both Cappon and Veitch repeatedly testified that Sable was not kept apart from any child until after the incident now before us. Veitch also testified as follows:

"Q Was there any practice in your house not to have a 4-year-old alone with Sable in a room? . . .

"A No. Well, usually somebody is always there, anyway.

"Q So was the practice more to have someone there with a 4-year-old?

"A Yes."

In our view, that testimony is insufficient to raise an issue of fact concerning defendants' knowledge of Sable's alleged vicious propensities. Indeed, the only fair inference that can be drawn from that testimony, particularly in light of Veitch's other testimony on the subject, is that four-year-old children were not left unattended in defendants' home, but not because of Sable.

We also cannot agree with the majority that there is an issue of fact whether Veitch owned Sable. Both defendants testified that Cappon owned Sable, and that testimony is uncontroverted. Nevertheless, Veitch may still be held liable on the ground that he harbored and controlled Sable (*see Fontecchio v Esposito*, 108

AD2d 780 [1985]; 3 NY Jur 2d, Animals § 150; *cf. Nidzyn v Stevens*, 148 AD2d 592, 592-593 [1989]; *Arslanoglou v Defayette*, 105 AD2d 973 [1984], *lv denied* 64 NY2d 608 [1985]). We therefore agree with the majority that the court erred in granting the motion of Veitch for summary judgment dismissing the complaint against him, and we would modify the order by denying that motion and reinstating the complaint against Veitch. Present—Hurlbutt, J.P., Gorski, Green, Pine and Hayes, JJ.