# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**743**
**CAF 14-00869**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF RONALD D. ROSSBOROUGH,
PETITIONER-APPELLANT,

V                                          MEMORANDUM AND ORDER

HALA Y. ALATAWNEH, RESPONDENT-RESPONDENT.

---

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR PETITIONER-APPELLANT.

JOSEPH P. MILLER, CUBA, FOR RESPONDENT-RESPONDENT.

PETER J. DEGNAN, ATTORNEY FOR THE CHILD, ALFRED.

DAVID E. CODDINGTON, ATTORNEY FOR THE CHILDREN, HORNELL.

---

Appeal from an order of the Family Court, Allegany County (Thomas P. Brown, J.), entered March 27, 2014 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petitions.

It is hereby ORDERED that said appeal insofar as it concerns the older stepchild is unanimously dismissed and the order is affirmed without costs.

Memorandum: Petitioner father appeals from an order denying his petitions for visitation with his two former stepchildren, for modification of the visitation order with respect to his child with respondent mother, and for violation of visitation orders. The father's contention regarding visitation with the older stepchild is moot because he is now 18 years old (*see Matter of Woodruff v Adside*, 26 AD3d 866, 866). The father contends that Family Court erred in determining that visitation with the younger stepchild was not in her best interests. We conclude that the court properly dismissed the petition seeking visitation with the younger stepchild, but our reasoning differs from that of the court. We conclude that the father lacks standing to seek visitation with the younger stepchild (*see Matter of Reeves v Erie County Dept. of Social Servs.*, 96 AD3d 1471, 1471; *Matter of Multari v Sorrell*, 287 AD2d 764, 765-766). The father's contention that the doctrine of judicial estoppel applies here is not properly before us because it is raised for the first time in his reply brief (*see Matter of Deuel v Dalton*, 33 AD3d 1158, 1159; *Matter of Yorimar K.-M.*, 309 AD2d 1148, 1149).

Contrary to the father's contention, the court properly

determined that he failed to show a change in circumstances to warrant a modification of the visitation order and failed to establish that the mother willfully violated a clear mandate of the visitation orders (*see Matter of Sorokina v Moody*, 91 AD3d 1307, 1307).