# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**725**
**CA 16-00025**
PRESENT: WHALEN, P.J., CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

YESENIA CRUZ, INDIVIDUALLY, AND AS PARENT AND
NATURAL GUARDIAN OF ELIJAH B. CRUZ, AN INFANT,
PLAINTIFF-RESPONDENT,

V                                            MEMORANDUM AND ORDER

MICHAEL J. STACHOWSKI, AS GUARDIAN OF PROPERTY
OF TAQUILO CASTELLANOS, AN INFANT, TAQUILO
CASTELLANOS, AN INFANT, DEFENDANTS-APPELLANTS,
ET AL., DEFENDANT.

---

CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (ARTHUR A. HERDZIK OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

CELLINO & BARNES, P.C., BUFFALO (GREGORY V. PAJAK OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered October 5, 2015. The order, insofar as appealed from, denied the motion of defendants Michael J. Stachowski, as guardian of the property of Taquilo Castellanos, an infant, and Taquilo Castellanos, an infant, for summary judgment dismissing the complaint against them.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the complaint against defendant Michael J. Stachowski, as guardian of the property of Taquilo Castellanos, an infant, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action, individually and on behalf of her son, seeking damages for injuries that he sustained when he was attacked by a dog at the residence shared by defendants Taquilo Castellanos (Taquilo) and Rogelio Castellanos, Jr. (Rogelio). At the time of the incident Taquilo was 17 years old, and the deed to the residence was in the name of defendant Michael J. Stachowski, in his capacity as guardian of the property of Taquilo.

Supreme Court erred in denying the motion of Taquilo and Stachowski (defendants) insofar as it sought summary judgment dismissing the complaint against Stachowski. Defendants' contention that Stachowski is protected from liability by quasi-judicial immunity is not properly before us because it is raised for the first time in their reply brief (*see Matter of Rossborough v Alatawneh*, 129 AD3d

1537, 1538, *lv dismissed in part and denied in part* 26 NY3d 982). Defendants established, however, that Stachowski was entitled to judgment by submitting evidence that Stachowski "lacked actual or constructive knowledge that the dog had any vicious propensities" (*Hargro v Ross*, 134 AD3d 1461, 1462) and, in opposition to that part of the motion, plaintiff failed to raise a triable issue of fact (*see Doerr v Goldsmith*, 25 NY3d 1114, 1116). We therefore modify the order accordingly.

The court properly denied the motion, however, insofar as it sought summary judgment dismissing the complaint against Taquilo. We reject defendants' contention that Taquilo is relieved of potential liability for the child's injuries based upon Taquilo's age at the time of the incident. "It is elementary in this State that an infant may be held civilly liable for damages caused by his [or her] tortious acts" (*Taksen v Kramer*, 239 App Div 756, 756; *see generally Kern v Ray*, 283 AD2d 402, 402; *Adolph E. v Lori M.*, 166 AD2d 906, 906-907), and defendants cite no authority to support their contention that an infant cannot be subject to strict liability for harm caused by an animal. Nor is it dispositive that the dog was owned by Taquilo's father, Rogelio. "Strict liability can . . . be imposed against a person other than the owner of an animal which causes injury if that person harbors or keeps the animal with knowledge of its vicious propensit[ies]" (*Matthew H. v County of Nassau*, 131 AD3d 135, 144). Here, defendants' own submissions raise issues of fact whether Taquilo harbored the dog (*see id.* at 145), and whether he knew or should have known of the dog's vicious propensities (*see Francis v Becker*, 50 AD3d 1507, 1507-1508).

Finally, the court also properly denied the motion insofar as it sought to dismiss the claim for punitive damages against Taquilo. "Viewing the evidence in the light most favorable to the nonmoving party as we must . . . , we conclude that there are triable issues of fact that preclude summary judgment" (*Russo v YMCA of Greater Buffalo*, 12 AD3d 1089, 1089, *lv dismissed* 5 NY3d 746). Indeed, defendants' submissions include evidence that Taquilo was both aware of the dog's vicious propensities and cultivated and encouraged those propensities, thus raising issues of fact whether he exhibited the type of " 'heedlessness and . . . utter disregard' for the 'rights and safety of others' " that would support an award of punitive damages (*Sweeney v McCormick*, 159 AD2d 832, 834).

Entered:  September 30, 2016                    Frances E. Cafarell
                                               Clerk of the Court