Michael P. v Dombroski (2022 NY Slip Op 07318)

Michael P. v Dombroski

2022 NY Slip Op 07318

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, CURRAN, AND BANNISTER, JJ.

707 CA 21-01725

[*1]MICHAEL P., INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF T.P., INFANT, PLAINTIFF-APPELLANT,
v
JONAH DOMBROSKI AND STANLEY DOMBROSKI, DEFENDANTS-RESPONDENTS. 

STANLEY LAW OFFICES, SYRACUSE (JAMIE M. RICHARDS OF COUNSEL), FOR PLAINTIFF-APPELLANT.

 Appeal from an order of the Supreme Court, Onondaga County (Robert E. Antonacci, II, J.), entered November 22, 2021. The order granted the motion of defendants to dismiss the complaint and awarded attorney's fees and costs to defendants. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, the complaint is reinstated, and the award of attorney's fees and costs to defendants is vacated.
Memorandum: Plaintiff commenced this personal injury action seeking damages for dog bite injuries allegedly sustained by T.P. (child), his child with nonparty Lillian M. Emlaw. At the time of the alleged dog bite, plaintiff and Emlaw shared joint legal custody of the child, but plaintiff had physical custody while Emlaw had regularly scheduled parenting time, including on alternate weekends. Emlaw resided with defendant Jonah Dombroski (Jonah), who rented the residential property from his father, defendant Stanley Dombroski (Stanley). The child was allegedly attacked and bitten by a dog while visiting the residential property during Emlaw's weekend parenting time.
Plaintiff sought to recover under theories of strict liability and negligence on the ground that the child, while lawfully present on residential property owned by Stanley, suffered injuries when he was attacked and bitten by a dog with known vicious propensities that was owned or harbored by Jonah. Defendants moved to dismiss the complaint for failure to state a cause of action and sought an award of attorney's fees and costs on the ground that the action was frivolous; defendants' affidavits submitted in support of the motion, however, stated that they were seeking summary judgment. Plaintiff now appeals from an order that granted defendants' motion by, among other things, dismissing the complaint with prejudice, adjudging that the action was frivolous, and awarding defendants costs and reasonable attorney's fees. We reverse.
We note at the outset that, although the relief sought in defendants' notice of motion differed from that sought in their supporting affidavits (see Anderson v Kernan, 133 AD3d 1234, 1234 [4th Dept 2015]), Supreme Court, in its decision, effectively treated the motion as one for summary judgment by focusing on the proof submitted in support of and in opposition to the motion (see CPLR 3211 [c]; Kempf v Magida, 37 AD3d 763, 765 [2d Dept 2007]), and plaintiff does not contend on appeal that the court erred in doing so (see M & R Ginsburg, LLC v Segel, Goldman, Mazzotta & Siegel, P.C., 121 AD3d 1354, 1354 n [3d Dept 2014]; cf. Smithers v County of Oneida, 138 AD3d 1504, 1504 [4th Dept 2016]).
With respect to the applicable law, "an owner of a dog may be liable for injuries caused by that animal only when the owner had or should have had knowledge of the animal's vicious propensities" (Hewitt v Palmer Veterinary Clinic, PC, 35 NY3d 541, 547 [2020]; see Petrone v [*2]Fernandez, 12 NY3d 546, 550 [2009]; Bard v Jahnke, 6 NY3d 592, 599 [2006]; Collier v Zambito, 1 NY3d 444, 446 [2004]). "Once such knowledge is established, an owner faces strict liability for the harm the animal causes as a result of those propensities" (Collier, 1 NY3d at 448). "Strict liability can also be imposed against a person other than the owner of an animal which causes injury if that person harbors or keeps the animal with knowledge of its vicious propensit[ies]" (Matthew H. v County of Nassau, 131 AD3d 135, 144 [2d Dept 2015]; see Quilty v Battie, 135 NY 201, 204 [1892]; Cruz v Stachowski, 142 AD3d 1326, 1328 [4th Dept 2016]; see also 1B NY PJI 2:220 at 588 [2022]).
Furthermore, "[a] landlord who, with knowledge that a prospective tenant has a vicious dog which will be kept on the premises, nonetheless leases the premises to such tenant without taking reasonable measures, by pertinent provisions in the lease or otherwise, to protect persons who might be on the premises from being attacked by the dog may be held liable [under a negligence standard] to a person who while thereafter on the premises is bitten by the dog" (Strunk v Zoltanski, 62 NY2d 572, 573-574 [1984]; see Hewitt, 35 NY3d at 548; id. at 552 [Wilson, J., concurring]; Strunk, 62 NY2d at 575-576). When, "during the term of the leasehold[,] a landlord becomes aware of the fact that [the] tenant is harboring an animal with vicious propensities, [the landlord] owes a duty to protect third persons from injury . . . if [the landlord] 'had control of the premises or other capability to remove or confine the animal' " (Cronin v Chrosniak, 145 AD2d 905, 906 [4th Dept 1988], quoting Strunk, 62 NY2d at 575; see Rodgers v Horizons at Monticello, LLP, 130 AD3d 1285, 1286 [3d Dept 2015]; Southern v Valentine, 263 AD2d 954, 954 [4th Dept 1999]).
Here, we conclude that defendants failed to meet their initial burden of establishing their entitlement to judgment as a matter of law. With respect to Jonah's potential liability, defendants' own submissions raise a triable issue of fact regarding the ownership of the dog (see Bailey v Veitch, 28 AD3d 1079, 1081 [4th Dept 2006]) inasmuch as Jonah's denial of ownership in his affidavit simply conflicts with the evidence stated by plaintiff in his verified complaint—which is considered an affidavit—that Jonah owned the dog (see CPLR 105 [u]; Sanchez v National R.R. Passenger Corp., 21 NY3d 890, 891-892 [2013]). To the extent that the court determined that plaintiff could not maintain the action against Jonah to recover for the child's injuries because the dog belonged to a family member, the court misinterpreted the facts and misapplied the law. As stated, there is a question of fact whether Jonah, who is unrelated to the child, owned the dog (see Bailey, 28 AD3d at 1081) and, even if the dog was owned by Emlaw as alleged in Jonah's affidavit, " '[s]trict liability can . . . be imposed against a person other than the owner of an animal which causes injury if that person harbors or keeps the animal with knowledge of its vicious propensit[ies]' " (Cruz, 142 AD3d at 1328; see Dufour v Brown, 66 AD3d 1217, 1217-1218 [3d Dept 2009]). In that regard, defendants' own submissions raise an issue of fact whether Jonah harbored the dog inasmuch as Jonah averred that the dog had resided with him and his family over a period of years (see Cruz, 142 AD3d at 1328).
Defendants also failed to establish as a matter of law that they neither knew nor should have known that the dog had any vicious propensities (see Young v Grizanti, 164 AD3d 1661, 1662 [4th Dept 2018]), which is necessary to negate a component of both strict liability on the part of an owner or harborer and negligence on the part of a landlord (see Hewitt, 35 NY3d at 548). We agree with plaintiff that the conclusory, "self-serving affidavits of [Jonah] and [Stanley] about their lack of knowledge of [the dog's alleged vicious propensities] are insufficient to establish as a matter of law" that they were unaware of any such propensities (Freeland v Erie County, 204 AD3d 1465, 1467 [4th Dept 2022]). "Such self-serving affidavits raise 'question[s] of credibility for the finder of fact, not the court, to resolve' " (id.). Moreover, "where[, as here], knowledge is a key fact at issue, and peculiarly within the possession of the movant[s] . . . , summary judgment will ordinarily be denied" (Krupp v Aetna Life & Cas. Co., 103 AD2d 252, 262 [2d Dept 1984]; see Kindzierski v Foster, 217 AD2d 998, 1000 [4th Dept 1995]). Inasmuch as defendants' submissions show that the dog resided with Jonah and in a residence owned by Stanley for a period of over three years, knowledge of any vicious propensities or prior dangerous behavior on the part of the dog would be peculiarly within the possession of defendants.
Further with regard to Stanley's potential liability, the court erred in determining that defendants established as a matter of law that Stanley lacked the requisite control over the dog. Stanley admitted in his affidavit that, although he did not live at the residence, he owned the property and acted as a landlord by renting the property to Jonah, and his affidavit makes clear [*3]that he was aware that the dog was present on the premises. Despite those facts, Stanley never suggested that he lacked control of the premises and, beyond a single conclusory declaration that he "was never in control of the dog," Stanley did not even attempt to show how he lacked the ability to have the dog removed or confined if he so chose. We thus conclude that Stanley failed to eliminate a material issue of fact whether he "had control of the premises or other capability to remove or confine the animal" (Strunk, 62 NY2d at 575; see Baisi v Gonzalez, 97 NY2d 694, 695 [2002]).
Inasmuch as defendants failed to make the required prima facie showing of entitlement to judgment as a matter of law, the court should have denied their motion regardless of the sufficiency of plaintiff's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Christopher P. v Kathleen M.B., 174 AD3d 1460, 1462 [4th Dept 2019]). Nonetheless, even assuming, arguendo, that defendants met their initial burden on the motion, we agree with plaintiff that defendants' motion is premature because discovery, including depositions concerning ownership of the dog and whether the dog previously exhibited any vicious propensities of which defendants were aware, has not been completed (see Syracuse Univ. v Games 2002, LLC, 71 AD3d 1531, 1531-1532 [4th Dept 2010]). Indeed, plaintiff's opposition papers show that defendants failed to respond to plaintiff's discovery demands, including for depositions, and that showing remains unrebutted by defendants, who did not file a reply below or a respondents' brief on appeal. Thus, as plaintiff has asserted both in opposition to the motion and on appeal, he is entitled to discovery and the motion should have been denied on that basis as well (see CPLR 3212 [f]).
We also agree with plaintiff that the court erred in awarding defendants attorney's fees and costs pursuant to CPLR 8303-a (see Penn Iron & Metal Co. v Gross, 192 AD2d 1059, 1060 [4th Dept 1993]). The statute provides in pertinent part that, in an action for personal injury, the court shall award costs and reasonable attorney's fees not exceeding $10,000 if an action commenced or continued by a plaintiff is found to be frivolous by the court (see CPLR 8303-a [a]). As relevant to the basis for the court's determination here, in order for the action to be frivolous under the statute, the court was required to find that the action was commenced or continued "in bad faith without any reasonable basis in law or fact and could not be supported by a good faith argument for an extension, modification or reversal of existing law" (CPLR 8303-a [c] [ii]).
Here, none of the reasons given by the court support its conclusion that plaintiff's action is frivolous. The court first reasoned that plaintiff's "failure to appropriately respond" to defendants' motion with his own affidavit or the affidavit of a fact witness established that plaintiff's attorney "failed to undertake even a cursory investigation into the basis for . . . [p]laintiff's claim, and when faced with assertions that directly controverted the . . . claim, was unable to produce any response in opposition." We conclude that the court, based on a flawed understanding of how plaintiff should have responded to the motion, reached an unwarranted conclusion regarding whether plaintiff had a reasonable basis in fact for the action. Contrary to the court's determination, the record establishes that plaintiff's attorney sought to further investigate and develop the claim and that plaintiff responded appropriately to defendants' motion inasmuch as plaintiff's attorney explained in detail, with substantiation from evidentiary submissions, that defendants' counsel had refused to respond to the discovery demands, including for depositions, that plaintiff needed to oppose the motion. For that reason, and because defendants' failure to meet their initial burden meant that the motion should have been denied regardless of the sufficiency of plaintiff's opposing papers (see Winegrad, 64 NY2d at 853; Christopher P., 174 AD3d at 1462), the court had no legitimate basis on which to conclude that the nature of plaintiff's opposing papers reflected that plaintiff had commenced or continued the action in bad faith without any reasonable basis in fact (cf. CPLR 8303-a [c] [ii]).
The court also reasoned that plaintiff acted in bad faith because he "appear[ed] to have unilaterally initiated this action without the consent or cooperation" of Emlaw, even though they shared joint custody. The court's speculation that plaintiff did not consult Emlaw lacks an evidentiary basis in the record. Further, the court did not explain how commencing an action on behalf of the child to recover for the allegedly severe injuries he sustained from the dog attack was a violation of plaintiff's custodial obligations and, even if it was a violation, it does not follow therefrom that the personal injury action against defendants has no reasonable basis in law or fact.
The court further reasoned that plaintiff acted in bad faith because Emlaw "was not made a defendant" even though the evidence showed that the child, the dog, Emlaw, and Jonah "all resided together at the time" of the subject incident. Contrary to the court's factual determination, the evidence—i.e., the custody documents solicited by the court—does not establish that the child resided at the residential property with Emlaw, Jonah, and the dog; rather, Emlaw had only visitation, not physical custody, and the child was present for a weekend visit. Moreover, the fact that Emlaw was not made a defendant is immaterial. As plaintiff points out, there is no requirement that Emlaw be named as a defendant and, in fact, the record discloses that part of plaintiff's theory of liability is that Jonah, not Emlaw, is the owner or harborer of the dog and that Jonah is therefore liable as the owner or for harboring the dog at the residential property that he rents from Stanley.
In sum, a review of the record reveals that, contrary to the court's determination, "the action against [defendants] was not begun in bad faith nor was it frivolous" (Penn Iron & Metal Co., 192 AD2d at 1060).
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court